FELLINGER *v.* WAYNE CIRCUIT JUDGE.

1. MANDAMUS—EXTENSION OF TIME TO SETTLE RECORD ON APPEAL.
   An original petition for mandamus is an alternative to the appeal in the nature of mandamus for reviewing a trial judge's order denying fifth extension of time in which to settle record on appeal in a chancery case (Court Rule No. 60, § 1 [b] [1945]).

2. APPEAL AND ERROR—SETTLEMENT OF RECORD—EXTENSION OF TIME —DISCRETION OF COURT—MANDAMUS.
   Under record made in original mandamus proceeding to compel trial judge to set aside an order denying a fifth extension of time within which to settle record on appeal in a chancery case where appellant therein had been granted 90 days for preparation of the record after the transcript had reached his attorney's office, the discretionary writ of mandamus is denied as there was no abuse of discretion shown in denying the extension, although record should have included trial judge's opinion denying motion.

Petition by Joseph A. Fellinger for writ of mandamus to compel Guy · A. Miller, Wayne Circuit Judge, to grant extension of time to settle bill of exceptions. Submitted October 3, 1945. (Calendar No. 43,123.) Writ denied January 7, 1946.

*Harry Z. Marx* (*Thomas L. Thomson,* of counsel), for plaintiff.

*Guy A. Miller, in pro. per.*

*Peck & Kramer,* for Edward S. Piggins, receiver.

REID, J. This is an original proceeding in this court in which plaintiff asks for a writ of mandamus to require defendant Guy A. Miller, circuit judge, to

vacate and set aside an order made May 18, 1945, denying plaintiff Joseph A. Fellinger's motion for an extension of time to settle the record on appeal in a cause in the Wayne county circuit court in chancery, in which cause plaintiff herein is one of the defendants and Edward S. Piggins, receiver, is plaintiff.

The chancery case was heard by defendant circuit judge, who filed his opinion, September 26, 1944. The decree was filed October 6, 1944. Plaintiff herein, as defendant in that case, took an appeal on October 10, 1944. On October 20, 1944, an order was made extending the time to settle the case for 60 days from October 26, 1944. On December 15, 1944, the time was further extended, and another order extending the time was made February 16, 1945. On April 20, 1945, an order was made extending the time 30 days, to and including May 21, 1945. Plaintiff Fellinger's motion for 60 days' further extension, made on May 14, 1945, was argued and submitted on May 18, 1945, on which day defendant circuit judge denied further extension, for the reason as expressed by him in his order, "that to grant the same over the objection of plaintiff would be an abuse of discretion."

Plaintiff herein claims that the transcript of testimony was ordered by him in October, 1944, and that the transcript, consisting of 444 typewritten pages, was delivered to the office of Marx, his attorney, on or about February 19, 1945. Plaintiff claims that his attorney was engaged in a circuit court trial from April 10 to June 12, 1945, and did not have time to prepare the record for settlement on appeal before May 21, 1945, the expiration date of the extended period for settlement of the record.

Defendant questions the procedure adopted by plaintiff. It is the theory of defendant that Court Rule No. 60, § 1 (b) (1945), requires that plaintiff

-pursue the remedy of appeal in the nature of mandamus rather than to file in this court an original petition for mandamus.

Plaintiff correctly contends under the authority of *Commissioner of Insurance* v. *Lapeer Circuit Judge,* 302 Mich. 614, 628, that Court Rule No. 60* applies only where appeal to this court is sought, and that there is the optional method of review by original writ of mandamus. Plaintiff was within his rights in filing his petition.

Defendant circuit judge was holding court in Houghton, Michigan, during the period when an answer to our order to show cause, dated June 20, 1945, was required to be prepared. This was a distance of 450 miles from his office and from the county clerk's office where the files in the chancery case in question were kept. Defendant, in the answer that he does make, speaks of his uncertainty and want of ability to make complete answer to the order of this court. Under these circumstances, the opinion of the court denying motion to extend the time, filed May 28, 1945, which is not included in the record, should have been so included. The objections filed by the opposite party in the chancery case, Piggins receiver, are also not included in the record.

Evidently we have before us plaintiff's version of the real matter in controversy, namely, whether plaintiff had a reasonable time in which to prepare the record for settlement on appeal. The court by extensions allowed plaintiff 90 days for preparation of the record after the transcript reached plaintiff's attorney's office. As before noted, we have not before us the objections made by Piggins receiver, nor the opinion of defendant, the trial judge, on the motion for the last requested extension. The motion to extend the time was addressed to the discretion

---

* The court rule in effect at the time of the cited decision is identical with the rule now in effect so far as pertinent to this case.

of the court and we find under the facts and circumstances shown in the instant case that there was no abuse of discretion. Mandamus is a discretionary writ. *Geib* v. *Kent Circuit Judge,* 311 Mich. 631.

The petition for writ of mandamus is denied. Costs to defendant.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, NORTH, and STARR, JJ., concurred.