### PILLON *v.* ATTORNEY GENERAL.

1. Mandamus—Clear Legal Duty of Defendant.

   It is necessary that a clear legal duty be found upon the part of one against whom mandamus is brought in order that the writ issue.

2. Same—Discretionary Writ.

   Mandamus is a discretionary writ which does not issue unless there is a plain, positive duty to perform the asserted duty, and a clear legal right of the petitioner to the performance of that duty.

3. Constitutional Law—Amendment—Common-Law Duties of Officers.

   There is no common-law duty of the attorney general, secretary of State, director of elections or the board of State canvassers to approve petitions for proposed constitutional amendments.

4. Elections — Initiatory Petitions — Form — Heading — Approval or Prescription.

   The form and heading of initiatory petitions which have been submitted to the secretary of State or other persons authorized by law to canvass the same must be approved or the form and heading prescribed before the petitions are submitted to the qualified and registered electors for signatures (Const 1908, art 17, § 2).

---

References for Points in Headnotes

[1] 34 Am Jur, Mandamus § 62.
[2] 34 Am Jur, Mandamus §§ 40, 41.
[4] 18 Am Jur, Elections § 116; 28 Am Jur, Initiative, Referendum, and Recall §§ 27, 29, 37.
[6] 11 Am Jur, Constitutional Law § 22 *et seq.*
[7] 18 Am Jur, Elections § 6 *et seq.*

5. SAME — INITIATORY PETITIONS — FORM — HEADING — APPROVAL — SECRETARY OF STATE — BOARD OF STATE CANVASSERS.

There is a clear legal duty as to initiatory petitions upon the part of the secretary of State and, since the act creating the board of State canvassers as authorized by the 1955 amendment to the Constitution, upon such board either to approve within a reasonable time the form and heading for such petitions or to prescribe same when presented to them before circulation but not upon the attorney general, director of elections or the board of State canvassers as theretofore constituted (Const 1908, art 3, § 9, as added in 1955; art 6, § 20; art 17, § 2; PA 1955, No 239).

6. CONSTITUTIONAL LAW—AMENDMENT.

Neither the legislature nor the Supreme Court may amend the Constitution.

7. ELECTIONS—STATUTES—INITIATORY PETITION.

The chapter of the election code pertaining to initiatory petitions is unconstitutional insofar as it contravenes the provisions of an amendment to the Constitution adopted after enactment but before the effective date of the code (Const 1908, art 3, § 9, as added in 1955; art 17, § 2; PA 1954, No 116, ch 22).

8. COSTS—PUBLIC QUESTION—MANDAMUS—INITIATORY PETITIONS.

No costs are awarded in mandamus proceeding to compel the secretary of State or board of State canvassers to approve the form and heading of initiatory petitions, a public question being involved (Const 1908, art 3, § 9, as added in 1955; art 17, § 2; PA 1955, No 239).

Original petition by Gregory M. Pillon for writ of mandamus to compel Thomas M. Kavanagh, Attorney General, James M. Hare, Secretary of State, Robert M. Montgomery, Director of Elections, and the Board of State Canvassers to approve submitted petition to initiate a contemplated constitutional amendment. Action considered only in respect to duty to designate or prescribe form of proposed petition. Submitted April 3, 1956. (Calendar No. 46,630.) Writ granted as to Secretary of State or Board of State Canvassers May 14, 1956.

*Gregory M. Pillon, in propria persona,* for petitioner.

*Thomas M. Kavanagh,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *James R. Ramsey* and *Russell A. Searl,* Assistants Attorney General, for defendants.

Boyles, J. Plaintiff filed this petition in this Court for a writ of mandamus to compel the defendants attorney general, secretary of State, director of elections and the board of State canvassers to approve a certain form of a petition, "Exhibit A," which the plaintiff had submitted to the defendants, and which he desired to circulate to obtain a sufficient number of signatures of qualified and registered electors of the State to propose a constitutional amendment relative to garnishment. The defendants refused to approve "Exhibit A," taking the position that the law did not require them, or any of them, to approve the form of a petition to submit to the electors for signatures a proposal for a constitutional amendment until after it had been circulated and signatures of the electors obtained, and had been filed with the secretary of State or the board of State canvassers for checking, and approval.

Plaintiff asks that this Court issue "a writ of mandamus * * * compelling the respondents * * * to approve Exhibit A." Plaintiff's petition for mandamus, in that respect, is inept. The controlling question here for decision, as posed by the briefs, is whether it is the clear legal duty of the defendants, or some one or more of them, to consider and pass upon the form of a petition to be submitted to the electors, proposing a constitutional amendment to be voted upon, and to designate or prescribe a form for such a petition and the heading to be printed or written at the top thereof,

*before* it is circulated, before the signatures of qualified and registered electors have been obtained, and before the petition is finally filed for checking and approval prior to its submission to the electors to be voted upon at the next election.

Unless a clear legal duty has been imposed by law on the defendants, or some one or more of them, plaintiff's petition for mandamus should be denied. It is a discretionary writ which does not issue unless there is a plain, positive duty to perform the asserted duty, and a clear legal right of the petitioner to the performance of that duty. *McLeod v. State Board of Canvassers,* 304 Mich 120; *Janigian* v. *City of Dearborn,* 336 Mich 261; *St. Ignace City Treasurer* v. *Mackinac County Treasurer,* 310 Mich 108 (156 ALR 589); *Fellinger* v. *Wayne Circuit Judge,* 313 Mich 289; *DeYoung* v. *State Land Office Board,* 316 Mich 61; *Kosiba* v. *Wayne County Board of Auditors,* 320 Mich 322; *City of Berkley* v. *Township of Royal Oak,* 320 Mich 597; *Bateham* v. *Public School Employees' Retirement Fund Board,* 333 Mich 264; *State Highway Commissioner* v. *Ottawa Circuit Judge,* 339 Mich 390.

Of course it is apparent at the outset that there could be no claim of any such duty at the common law. The answer to the precise question here for consideration must be found in constitutional or statutory provisions, if at all. It depends on Michigan Constitution (1908), art 17, § 2, as amended in April, 1941; and, also, in part, on PA 1955, No 239.*

The applicable provisions of said article 17, § 2, as amended at the April election in 1941, are:

*"Petitions of qualified and registered electors proposing an amendment* to this Constitution shall be filed with the secretary of State or such other person or persons hereafter authorized by law to re-

---

* CL 1948, § 200.301 *et seq.* (Stat Ann 1956 Rev § 6.2111 *et seq.*).

ceive same at least 4 months before the election at which such proposed amendment is to be voted upon. * * * Upon receipt of said petition the secretary of State or other person or persons hereafter authorized by law shall canvass the same to ascertain if such petition has been signed by the requisite number of qualified and registered electors, and may in determining the validity thereof, cause any doubtful signatures to be checked against the registration records by the clerk of any political subdivision in which said petitions were circulated, for properly determining the authenticity of such signatures. If the secretary of State or other person or persons hereafter authorized by law to receive and canvass same determines the petition is legal and in proper form and has been signed by the required number of qualified and registered electors, the proposed amendment shall be submitted to the electors at the next regular election at which any State officer is to be elected. An official declaration of the sufficiency or insufficiency of the petition shall be made by the secretary of State or such other person or persons as shall hereafter be authorized at least 2 months prior to such election. * * * *The petition shall consist of sheets in such form and having printed or written at the top thereof such heading as shall be designated or prescribed by the secretary of State, or such other person or persons hereafter authorized by law to receive, canvass and check the same.*"

The concluding part of said section 2 on which the plaintiff must rely, is italicized. Does it impose a clear legal duty upon the secretary of State or any of the other defendants in this case, to pass upon (or approve?) the form of the petition (Exhibit A) which the plaintiff presented to them with the request that it be approved; and does it impose upon them, or any of them, a clear legal duty to designate or prescribe the form of such a petition, and the heading to be printed or written at the top thereof, *before* it is submitted to the electors? If so, such

a clear legal duty must be found in the cited section of the Michigan Constitution (1908), as amended, or in some statutory requirement enacted in pursuance thereof, and in accordance therewith.

Some changes in article 17, § 2, bearing on the question involved here, were made by the amendment in 1941. Prior to the amendment it read, in part, as follows:

"Initiative petitions proposing an amendment to this Constitution shall be filed with the secretary of State at least 4 months before the election at which such proposed amendment is to be voted upon. Upon receipt of such petition by the secretary of State he shall canvass the same to ascertain if such petition has been signed by the requisite number of qualified electors, and if the same has been so signed, the proposed amendment shall be submitted to the electors at the next regular election at which any State officer is to be elected."

This was changed by the amendment in 1941 as follows: pertinent to the question here, the changes made in the above part of said section by the 1941 amendment are indicated below by the italics:

"Petitions of qualified and registered electors proposing an amendment to this Constitution shall be filed with the secretary of State *or such other person or persons hereafter authorized by law to receive same* at least 4 months before the election at which such proposed amendment is to be voted upon. * * * Upon receipt of said petition the secretary of State *or other person or persons hereafter authorized by law* shall canvass the same to ascertain if such petition has been signed by the requisite number of qualified and registered electors, and may in determining the validity thereof, cause any doubtful signatures to be checked against the registration records by the clerk of any political subdivision in which said petitions were circulated, for properly determining the authenticity of such signatures."

In another part of said section 2, before the amendment in 1941, the following was required:

"The petition shall consist of sheets in such form and having printed or written at the top thereof such heading as shall be designated or prescribed by the secretary of State."

The above language was retained in said section 2 by the 1941 amendment, and the following was added, after "secretary of State,"

"or such other person or persons hereafter authorized by law to receive, canvass and check the same."

Consequently, it appears that the present provision in said section 2, as last above-quoted, requires that the form of the petition proposing an amendment to the Constitution, together with a heading to be printed or written at the top thereof, shall be designated or prescribed by the secretary of State or such other person or persons hereafter authorized by law to receive, canvass and check the same. Does it require that such action shall be taken *before* the petition is submitted to the electors for signing?

Said requirement indicates that the designation of the form and heading, as above required by said section 2, shall be done by the secretary of State or the other officials referred to therein, separately and independently of the other requirement in said section 2 that the secretary of State or the other designated officers shall canvass the same to ascertain if such petition is legal and has been signed by the requisite number of qualified and registered electors. If the requirement that the petition shall be in such form, with such heading printed or written at the top thereof, as shall be designated or prescribed by the secretary of State or the other designated officers, is to be given any effect and have any substantial meaning, it means that upon request the

form of such petition, with the printed or written heading at the top thereof, shall be designated or prescribed, before it is submitted to the qualified and registered electors for their signatures. To hold that the form of such an initiating petition with a heading to be printed or written at the top thereof need only be "designated or prescribed" by the secretary of State or the other designated officers authorized by law to canvass the same, *after* it had been circulated and the signatures of the necessary number of electors obtained, would nullify any apparent necessity for designating or prescribing the form of the petition and the heading to be printed or written at the top thereof, at any time whatever. If done only after the signatures were obtained and filed, it would then be too late to amount to anything if that had not already been done before the petition was circulated and the signatures obtained.* Before said requirement occurs in section 2, it already provides that:

"If the secretary of State or other person or persons hereafter authorized by law to receive and canvass same *determines the petition is legal and in proper form* and has been signed by the required number of qualified and registered electors, the proposed amendment shall be submitted to the electors at the next regular election at which any State officer is to be elected." (Italics supplied.)

Article 17, § 2, as amended, makes it the legal duty of the secretary of State or such other person or persons as have been authorized by law to receive, canvass and check a petition proposing a constitutional amendment, to designate or prescribe the form of such petition and the heading to be printed or written at the top thereof, before such petition is to be circulated for signatures and filed with the

---

* See *Leininger* v. *Secretary of State,* 316 Mich 644.

secretary of State or such other person or persons authorized by law to receive the same at least 4 months before the election at which the amendment is to be voted on. Said section 2 requires that after such filing the secretary of State and the designated officials shall canvass the same to ascertain if it has been signed by the requisite number, and in determining the validity thereof may check the same as provided in said section 2. The requirement that the form and heading of such petition shall be designated or prescribed by the secretary of State or the designated officials, unless meaningless, means that such duty is imposed upon the secretary of State or said officials, to be exercised before said petitions have been circulated, signed, and filed with the secretary of State or such other officials, to be canvassed and checked.

It remains only to determine which, if any, of the defendants named or referred to herein owed a duty to plaintiff to designate or prescribe the form of such petition and the heading to be printed or written at the top thereof. The only officials upon whom such duty is expressly imposed by said article 17, § 2, are the secretary of State or such other person or persons as have been authorized by law to receive, canvass and check said petition (obviously meaning the board of State canvassers). As now constituted, the board of State canvassers has been created by PA 1955, No 239, pursuant to an amendment (section 9) added to article 3 of the Michigan Constitution (1908), adopted at the April election in 1955, and which is found at p 754, PA 1955. It reads as follows:

"A board of State canvassers consisting of 4 members shall be established by law. No candidate for an office to be canvassed by the board shall be eligible to serve as a member of said board. A majority of

the board shall not be composed of adherents of the same political party."

Said PA 1955, No 239, provides that said board shall consist of 4 members appointed by the governor by and with the advice and consent of the senate: provided, however, that 2 of said members be appointed from each of the 2 political parties casting the greatest number of votes for secretary of State for each general November election. The act further limits the appointment to the names of the 3 persons submitted to the governor by each of the 2 political parties casting the greatest number of votes for secretary of State, for appointment to each position to be filled as a member of the board of State canvassers. Said act further provides that whenever a vacancy shall occur in the membership of the board other than by expiration of term, a like nomination of persons to fill such vacancy shall be submitted to the governor, who shall fill such vacancy therefrom for the unexpired term by and with the advice and consent of the senate. Consequently, besides the secretary of State, the person or persons now authorized by law to receive, canvass and check petitions proposing an amendment to the Constitution are the 4 members of the board of State canvassers authorized to act as such by said PA 1955, No 239. In accordance with the said constitutional amendment, neither the defendant attorney general nor the defendant director of elections nor the board of State canvassers as constituted before the effective date of PA 1955, No 239, June 22, 1955, has any constitutional duty to perform which would require them to designate or prescribe the form of a petition to initiate a constitutional amendment, or the heading to be printed or written at the top thereof.

PA 1954, No 116, was approved April 16, 1954; however, the final section (992) of said act states, "This act shall become effective on June 1, 1955." Chapter 22 of said act[1] purports to apply to petitions proposing an amendment to the Constitution as well as to petitions to initiate legislation. Section 474 of said chapter 22[2] declares that whenever the phrase "secretary of State," et cetera, is used in article 17, § 2, of the Constitution it shall be considered to mean a board composed of the State officers comprising the board of State canvassers[3] and the attorney general. Obviously this was intended to mean the State officers who *ex officio* comprised the board of State canvassers at the time PA 1954, No 116 was approved April 16, 1954, or, in any event, at the time the act was declared to be effective, June 1, 1955. However, it is necessary to point out that PA 1955, No 239, hereinbefore referred to, creating a board of State canvassers, pursuant to the constitutional amendment adopted in April, 1955, was approved June 22, 1955, to take immediate effect. This is subsequent to the date when PA 1954, No 116, was approved and, in any event, later than June 1, 1955, the date on which said PA 1954, No 116, declared that it should become effective. Consequently, PA 1955, No 239, supersedes the provisions of section 474, ch 22, PA 1954, No 116, wherein it defines the meaning of sections 2 and 3, art 17, of the Michigan Constitution (1908) and attempts to provide for a board of State canvassers. The later act, in conformity with the Constitution, controls, insofar as it provides for the board of State canvassers. Hence, we conclude that after June 22, 1955, the board of State canvassers consists of the 4 members provided for by

---

[1] CL 1948, §§ 168.471–168.484 (Stat Ann 1956 Rev §§ 6.1471–6.1484).

[2] CL 1948, § 168.474 (Stat Ann 1956 Rev § 6.1474).

[3] See Const 1908, art 6, § 20, before amendment in 1955.—REPORTER.

PA 1955, No 239. That act does not include the attorney general as a member of the board; and the attorney general is not *ex officio* a member thereof. We need not consider here whether the attorney general otherwise has a duty to perform for the secretary of State or the board of State canvassers, to act as legal adviser.

Neither the legislature, nor this Court, has any right to amend or change a provision in the Constitution. To the extent that chapter 22, PA 1954, No 116, contravenes the provisions of article 17, § 2, and article 3, § 9, of the State Constitution, as amended, it is unconstitutional and void.

Nor do we find that there is any duty imposed upon the defendant director of elections to designate or prescribe the form of a petition to propose a constitutional amendment, or the heading to be printed or written at the top thereof. Article 17, § 2, of the Constitution does, however, impose such duty upon the secretary of State, or the board of State canvassers.

A writ of mandamus will issue directed to the secretary of State or the board of State canvassers as constituted and authorized by law to receive, canvass and check petitions to initiate a constitutional amendment; it will command them to timely perform the duty imposed upon them by article 17, § 2, of the Michigan Constitution (1908), as amended, to designate or prescribe the form of a petition to propose an amendment to the Constitution together with the heading to be printed or written at the top thereof, if and when the same is requested, before the same is to be submitted to the electors for signatures, and also within such reasonable time as

may permit compliance with other statutory requirements. No costs, a public question being involved.

DETHMERS, C. J., and SHARPE, SMITH, BOYLES, KELLY, CARR, and BLACK, JJ., concurred.

The late Justice REID took no part in the decision of this case.