CONSTANTINE *v.* LIQUOR CONTROL COMMISSION.

1. CERTIORARI—AFFIRMATIVE ORDERS.
   Certiorari is not a flexible remedy, and where the judgment reviewed is reversed, the court is without power to make an affirmative order.

2. MANDAMUS—ADEQUACY OF OTHER RELIEF—TRANSFER OF LIQUOR LICENSE.
   Petition for writ of mandamus to compel the liquor control commission to approve petitioner's application to transfer her license to sell liquor for consumption on the premises is dismissed, where there had been a judgment by the circuit court in certiorari proceedings which reversed the action of the liquor control commission in refusing the application for transfer without further action having been taken thereafter, and other relief is available and appears to be adequate.

Original mandamus by Irma Constantine against the Michigan Liquor Control Commission to compel approval of request for transfer of a license. Submitted May 5, 1964. (Calendar No. 46, Docket No. 50,045.) Petition dismissed January 4, 1965.

*Wunsch, Aikens & Hall* (*Ernest Wunsch,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Thomas H. Healy, Jr.* and *James B. Saunders,* Assistant Attorneys General, for defendant.

REFERENCES FOR POINTS IN HEADNOTES
[1] 14 Am Jur 2d, Certiorari §§ 1–4.
[2] 30 Am Jur, Intoxicating Liquors §§ 167–170.
34 Am Jur, Mandamus §§ 184, 186.

PER CURIAM. Action was commenced in this Court by Mrs. Constantine on May 23, 1962, by filing a petition for order to show cause why a writ of mandamus should not be issued commanding the liquor control commission to grant petitioner's application to transfer her class "C" liquor license from one location to another in the city of Detroit.

Prior to her petition in this Court, Mrs. Constantine had secured through certiorari in the Wayne circuit a judgment of reversal of prior action of the commission refusing her application to transfer. Judgment of reversal without opinion was entered May 11, 1962.*

After entry of this judgment, the commission indicated its willingness to conduct a rehearing, but apparently the offer was refused by one of petitioner's attorneys who requested instead immediate issuance of the license based upon the reversal in certiorari proceedings. The commission did not grant the request.

Certiorari is not a flexible remedy; and where, as here, the court reversed, it is without power to make an affirmative order. *Carroll* v. *City Commission of Grand Rapids,* 266 Mich 123, *Bettendorf* v. *F. W. Woolworth Co.,* 329 Mich 409, *Erlandson* v. *Genesee County Employees' Retirement Commission,* 337 Mich 195. That the trial court did not attempt to make an order for affirmative relief is plain from a reading of the judgment in the margin. It reversed and held for naught the commission action because of "manifest error in the record and proceedings and in giving such judgment" [*sic*]. In

---

* The judgment, in its entirety, reads as follows:

"This cause having duly been brought on for argument, and the records and proceedings as well as the judgment given in the court below, being seen and fully understood by the court, and, after mature deliberation thereon, it appearing that there is a manifest error in the record and proceedings and in giving such judgment;

"Therefore, it is ordered and adjudged that the judgment, for the error aforesaid, be reversed and held for naught."

erasing the commission action denying transfer, the court could not and did not make an affirmative judgment requiring the commission to transfer. The next move was then at the commission level for further proceedings upon motion of either the petitioner or the commission. Where other relief is available and it appears to be adequate, this Court will deny the writ. *Hazel Park Racing Association, Inc.,* v. *Racing Commissioner,* 336 Mich 508.

Petition dismissed. Costs to defendant.

KAVANAGH, C. J., and DETHMERS, KELLY, BLACK, SMITH, O'HARA, and ADAMS, JJ., concurred.

SOURIS, J., did not sit.