MARDIROS *v.* SECRETARY OF STATE.

1. MANDAMUS—CLEAR RIGHT TO PERFORMANCE—CLEAR DUTY TO ACT.
   Mandamus will not issue unless plaintiff can show he has a clear
   legal right to performance of a specific duty by the defendants
   and that defendants have an uncontrovertibly clear duty to
   act in the immediate manner requested.

2. SAME—CONSTITUTIONAL PROVISION—DISCRETION.
   Mandamus will not lie against a State officer or agency to
   compel performance of duty claimed to be imposed by Con-

REFERENCES FOR POINTS IN HEADNOTES
[1] 34 Am Jur, Mandamus § 55.
[2–4] 34 Am Jur, Mandamus § 66 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 1009.

stitution, where the officer or agency is vested with some discretion and judgment in carrying out the constitutional provision (Const 1963, art 11, § 5).

3. Same—Secretary of State—Civil Service Commission.

Plaintiff cannot compel by mandamus action by secretary of State and civil service commission to classify post as branch manager of secretary of State office under civil service commission rules where it appears that action towards such classification of such posts has begun but is delayed by other actions in courts of State (Const 1963, art 11, § 5).

4. Same—Question Not Reached.

Denial of writ of mandamus to compel classification of one branch manager of secretary of State office by civil service commission, need not include decision of whether remaining branch managers of secretary of State offices must be brought under control of civil service commission (Const 1963, art 11, § 5).

5. Costs—Public Question—Mandamus.

Costs are not allowed in original mandamus proceeding in Court of Appeals to compel classification of post of branch manager of secretary of State office under civil service commission rules, a public question being involved.

Original mandamus proceeding in Court of Appeals. Submitted Division 1 April 2, 1968, at Detroit. (Docket No. 3,198.) Decided May 29, 1968. Rehearing denied July 17, 1968.

Complaint by Ronald Mardiros for mandamus against Civil Service Commission to compel classification of position as being under commission rules and against James M. Hare, Secretary of State, and his staff to compel cooperation with such commission action. Writ denied.

*Kelly, Greenstein & McCann,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Harry G. Iwasko,*

Assistant Attorney General, for defendant Secretary of State.

*Fraser, Trebilcock, Davis & Foster (James A. Park,* of counsel), for defendant Civil Service Commission.

FITZGERALD, J.   Plaintiff is the former "fee" branch manager for the office of the secretary of State in Livonia.   A statewide election was held in November of 1966 and plaintiff was to be relieved of his position, ostensibly as a result of this election, effective December 2, 1966.   However, he obtained an *ex parte* injunction on November 30, 1966, to restrain the secretary of State, his immediate superior, from proceeding with the removal action. Following the denial of plaintiff's effort to add the civil service commission as a party defendant, the injunction was dissolved by the trial court on January 10, 1967, on the motion of the defendant secretary of State.   Plaintiff immediately filed a claim of appeal to this Court, and the injunction was temporarily reinstated on January 16, 1967, pending a hearing on the matter.   Following submission of briefs, this Court dissolved the injunction on January 23, 1967.   Emergency leave to appeal was sought in the Supreme Court but it was denied on February 8, 1967.

Plaintiff also presented this Court with a complaint for a writ of mandamus on January 19, 1967, which is the subject of this action.   This procedure is ancillary to the claim of appeal and is based on the same facts.   Governor George Romney was originally a party defendant, but has since been dropped as a party by the plaintiff.   The plaintiff first presented 3 issues for consideration, but later amended them into one issue alleging that the pro-

visions of Const 1963, art 11, § 5, *require* placing a branch manager of a secretary of State's branch office under the jurisdiction of the civil service commission immediately, because the noted exceptions to the requirements of that portion of the Constitution do not include branch managers of the secretary of State's office. Section 5 reads:

"The classified state civil service shall consist of *all positions in the state service* except those filled by popular election, heads of principal departments, members of boards and commissions, the principal executive officer of boards and commissions heading principal departments, employees of courts of record, employees of the legislature, employees of the state institutions of higher education, all persons in the armed forces of the state, eight exempt positions in the office of the governor, and within each principal department, when requested by the department head, two other exempt positions, one of which shall be policy-making. The civil service commission may exempt three additional positions of a policy-making nature within each principal department.   *   *   *

"No payment for personal services shall be made or authorized until the provisions of this constitution pertaining to civil service have been complied with in every particular. *Violation of any of the provisions hereof may be restrained or observance compelled by injunctive or mandamus proceedings brought by any citizen of the State.*" (Emphasis supplied.)

We first note that the plaintiff originally undertook this position as branch manager in Livonia with the recommendation and approval of the defendant secretary of State.[1] Such patronage jobs are traditionally rewards for favorable political behavior and

---

[1] This power is given to the secretary of State by the provisions of the motor vehicle code, PA 1949, No 300, § 205, now amended by PA 1961, No 210 (CLS 1961, § 257.205, Stat Ann 1968 Cum Supp § 9.1905).

a portion of the revenue from each office is returned. to the manager as his salary or "fee".

One other case has been started on the issue of the power of the commission to bring branch managers under its control. At a 1963 meeting of the commission, the provisions of the new Constitution were reviewed and it was decided that some branch managers in large cities should be placed under the control of the commission, the requirement first being that such locations could economically support a full-time State office. The tack taken by the commission was that under article 11, § 5, as set forth above, all disbursements for personal services were to be first approved by the commission. Instead, the secretary of State continued to use the "fee" method of payment, and the commission sought to enjoin such allegedly unauthorized disbursements to those "full-time" branch managers who were now intended to come under the control of the civil service. Suit was filed in the Ingham County circuit court. The defendant secretary of State challenged that action by the commission by way of a motion to dismiss, alleging that the action should have been properly in the form of mandamus and not injunction. The motion was denied. Appeal was taken to this Court where it was also decided that mandamus was not the proper remedy and that the case should be remanded for trial in the Ingham County circuit court. See *Civil Service Commission* v. *Secretary of State* (1966), 4 Mich App 1.

Appeal was then taken to the Supreme Court. That Court decided December 4, 1967, in a split decision, that the injunctive proceeding by the civil service commission was, indeed, a proper vehicle, according to 3 justices, and that the use of the injunction was a factual question which could be best determined by the circuit court, according to 4 other

justices. The net result of the case was an affirmance of the holding of this Court, to wit, that the motion to dismiss entered by the secretary of State was properly denied by the circuit court, which does have jurisdiction over the matter. The Supreme Court agreed with our decision as to returning the case to the trial court for further action and not employing the remedy of mandamus. The merits of the injunction and the propriety of the attempt by the commission to place the managers of these particular branch offices under civil service were not decided. *Civil Service Commission* v. *Secretary of State* (1967), 379 Mich 613.

The precise question of the proper use of a writ of mandamus is before this Court in the instant case. Mandamus would be a proper remedy here if the facts would support its use, but where the State official or agency is vested with some discretion and judgment in the implementation of a constitutional provision,[2] we certainly cannot say, as we must if we are to grant a writ of mandamus, that the plaintiff has shown that he has a clear legal right to performance of a specific duty by the defendants, and that the defendants have an uncontrovertibly clear legal duty to act in the immediate manner so requested. *Pillon* v. *Attorney General* (1956), 345 Mich 536; *Crossman* v. *Hanson* (1966), 4 Mich App 98. The requisite clarity of legal rights and duties has not been shown by plaintiff, as the work *has* begun and is apparently being slowed by other actions in the courts of this State. Injunction is the remedy to be sought if an abuse of discretion is alleged. See *Reed* v. *Civil Service Commission* (1942), 301 Mich 137.

In so holding, we do not undertake the task of now determining whether these remaining branch

---

[2] Const 1963, art 11, § 5.

managers, as independent contractors, must *all* be brought under the control of the civil service commission. As 3 Justices of the Supreme Court said in *Civil Service Commission* v. *Secretary of State, supra* (p 619):

"The pleadings disclose a dispute as to whether the employees render personal services as claimed by plaintiffs, or are exempt from constitutional requirements as claimed by defendants.

"We agree with the Court of Appeals that: 'This question can and should be determined in the trial court.'"

However, unlike the Court in the *Civil Service Commission Case, supra,* we do not believe that "the instant suit is a proper vehicle" to decide this issue.

In reflecting on our previous denial of the plaintiff's request for an injunction, we note that he is apparently left with no recourse. The equitable maxim that there can be "no wrong without a remedy" certainly cannot apply if no "wrong" is revealed. Original complaint for writ of mandamus denied. No costs, a public question being involved.

J. H. GILLIS, P. J., and McGREGOR, J., concurred.