STEIN v DIRECTOR, BUREAU OF WORKMEN'S COMPENSATION

1. MANDAMUS—APPROPRIATENESS OF ACTION—RIGHT TO PERFORMANCE.

Mandamus is appropriate only when it clearly appears that the plaintiff has shown that he has a clear legal right to the performance of a specific duty by the defendant and that the defendant has an uncontrovertible legal duty to act in the manner so requested.

2. WORKMEN'S COMPENSATION—WORKER'S DISABILITY COMPENSATION ACT—HEARINGS—DUTY OF DIRECTOR—CLASS ACTIONS—STATUTES.

The language in the Worker's Disability Compensation Act which requires that a hearing be scheduled for any claim of any party in interest to that claim is all singular and is not to be read in a manner to impose a duty on the Director of the Bureau of Workmen's Compensation to schedule a hearing in the nature of a class action upon the filing of a petition for hearing by an individual claimant on behalf of himself and on behalf of others similarly situated; the director has no duty to schedule class action hearings (MCLA 418.847; MSA 17.237[847]).

3. WORKMEN'S COMPENSATION—BUREAU OF WORKMEN'S COMPENSATION—DIRECTOR—PAYMENT OF COMPENSATION—STATUTES.

It is the Director of the Bureau of Workmen's Compensation who is primarily charged with administering the Worker's Disability Compensation Act and who has the ultimate responsibility of insuring that compensation is paid promptly and directly and according to the correct rate to persons entitled to compensation (MCLA 418.205, 418.601 *et seq.;* MSA 17.237[205], 17.237[601] *et seq.).*

4. ADMINISTRATIVE LAW—WORKMEN'S COMPENSATION—CLASS ACTION —MANDAMUS.

Administrative bureaus do not have authority to hear claims

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Mandamus § 466.
[2] 82 Am Jur 2d, Workmen's Compensation § 478.
[3] 82 Am Jur 2d, Workmen's Compensation §§ 460–462.
[4] 2 Am Jur 2d, Aministrative Law § 586.

brought in the nature of a class action absent either an explicit statutory grant of powers or administrative rules granting such power; therefore, the Director of the Bureau of Workmen's Compensation does not have authority to hear claims brought in the nature of a class action and writ of mandamus ordering the Director to grant such a hearing would be inappropriate.

Original action in the Court of Appeals. Submitted May 3, 1977, at Detroit. (Docket No. 27270.) Decided August 8, 1977.

Complaint in the Court of Appeals by Dwight Brown against the Director, Bureau of Workmen's Compensation, seeking writ of mandamus ordering the defendant to schedule a hearing to determine which workmen's compensation insurance carriers and self-insured employers in the state are failing to pay compensation at the minimum rates announced by the director. Subsequently, by stipulation of the parties Nettie Stein was substituted as named plaintiff. Writ denied.

*Kelman, Loria, Downing, Schneider & Simpson* (by *Robert W. Howes),* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Francis W. Edwards,* Assistant Attorney General, for defendant.

Amici Curiae: Liberty Mutual Insurance Co. (by *Jack H. Erps, Christopher C. Mansfield,* of counsel). General Motors Corporation (by *William J. Kemp, Jr., Frazer F. Hilder,* of counsel).

Before: T. M. BURNS, P. J., and BRONSON and C. W. SIMON, JR.,* JJ.

BRONSON, J. Plaintiff, Nettie Stein, seeks a writ

* Circuit judge, sitting on the Court of Appeals by assignment.

of mandamus from this Court ordering the defendant, Director of the Bureau of Workmen's Compensation, to schedule a hearing to determine which workmen's compensation insurance carriers and self-insured employers in the state are failing to pay compensation at the minimum rates announced by the director pursuant to this Court's decision in *Jolliff v American Advertising Distributors, Inc,* 49 Mich App 1; 211 NW2d 260 (1973).

In *Jolliff,* this Court held that the minimum weekly compensation rates as provided by MCLA 418.351; MSA 17.237(351), are to be adjusted annually through the application of a formula contained in MCLA 418.355; MSA 17.237(355). The parties to this case are in agreement that *Jolliff* represents the state of the law regarding the adjustment of minimum weekly compensation rates under the Workers Disability Compensation Act. The Supreme Court has denied leave to appeal in *Jolliff.* 391 Mich 780 (1974).

The parties are also in agreement that the defendant director has properly announced the correct rates for minimum payments of benefits pursuant to *Jolliff.* Plaintiff contends, however, that the defendant director has taken inadequate steps to insure that payments in accordance with the proper minimum rates are being paid.

This case originated when one Dwight Brown, who had been receiving workmen's compensation benefits since August 29, 1973, filed a petition for hearing with the bureau on August 26, 1974, seeking additional benefits pursuant to this Court's decision in *Jolliff.* Brown then filed another petition for hearing on December 2, 1974, the latter purporting to be for himself as well as "on behalf of all others similarly situated". The office of the director set Brown's individual case for a hearing,

but refused to schedule a collective hearing pursuant to the December 2, 1974 petition, saying:

"A review of the Workmen's Compensation Law by this office fails to reveal where the law allows for a class action suit. For this reason, the case will not be set for hearing as you requested."

Brown then sought review of the director's refusal to schedule the hearing from the appeal board, obtained no relief there, and applied to this Court for a writ of mandamus. We ordered the director to show cause why the relief requested should not be granted. Subsequently, by stipulation of the parties, Nettie Stein was substituted as the named plaintiff.

Plaintiff contends that the director's action in refusing to schedule a hearing in the nature of a class action suit pursuant to the December, 1974, petition for hearing constituted a clear violation of the director's duties under MCLA 418.847; MSA 17.237(847). That section of the Worker's Disability Compensation Act provides as follows:

"Upon the filing with the bureau by any party in interest of an application in writing stating the general nature of any claim as to which any dispute or controversy may have arisen, the director shall set the case for hearing and shall designate a hearing referee to hear the case.

Plaintiff argues that the Legislature's use of the word "shall" imposes a mandatory duty upon the director to schedule a hearing upon the filing of a petition. It is thus asserted that the director's refusal to schedule the requested hearing constituted a clear breach of his statutory duties and plaintiff, consequently, seeks a writ of mandamus

from this Court ordering the director to set the case for a hearing.

It is well established that mandamus is appropriate only when it clearly appears that the plaintiff has shown that he has a clear legal right to the performance of a specific duty by the defendant, and that the defendant has an uncontrovertible legal duty to act in the manner so requested. *Pillon v Attorney General,* 345 Mich 536; 77 NW2d 257 (1956), *Mardiros v Secretary of State,* 11 Mich App 541; 161 NW2d 773 (1968). Thus, the issue with which we are faced in this case is a narrow one: Does the defendant director have a duty to schedule a hearing in the nature of a class action upon the filing of a petition for hearing by an individual claimant on behalf of himself and purportedly on behalf of all others similarly situated. We hold that the director has no such duty.

As noted, plaintiff relies solely upon § 847 of the Worker's Disability Compensation Act, quoted previously. We do not think it can be read as suggested by plaintiff. The language requires that a hearing be scheduled for "any claim" of any "party in interest" to that claim. The language is all singular and does not say that a hearing shall be scheduled on the claim of the filing party as well as all other claims similar to that of the filing party. Indeed, we have been offered no explanation as to how the named plaintiff in this case could be considered a "party in interest" to claims of others similarly situated. While the Legislature obviously could have written this section of the act so as to impose a duty upon the director to schedule the type of hearing sought by this plaintiff, we simply cannot see any indication in the section as it now stands that they did so. We are of the opinion that when the defendant director scheduled a hearing

and named a hearing referee to hear plaintiff's individual claim, his duties under the quoted section of the act were exhausted.

A close look at the probable results of ruling in plaintiff's favor in this matter will reveal the lack of wisdom of her position and will clarify the reasons we would not accept that position in the absence of clear legislative direction. Underlying plaintiff's position is the allegation that the director has taken inadequate steps to enforce the *Jolliff* decision so as to insure that all recipients of compensation benefits are being paid at the correct rates under that decision.

As plaintiff points out, it is the director who is primarily charged with administering the Worker's Disability Compensation Act, MCLA 418.205; MSA 17.237(205), and it may be said that it is the director who has the ultimate responsibility of insuring that compensation is paid "promptly and directly", and according to the correct rate, to persons entitled to compensation. See MCLA 418.601 *et seq.;* MSA 17.237(601) *et seq.* Thus, it may be recognized that the primary responsibility of enforcing the *Jolliff* decision lies with the defendant director.

Defendant asserts, however, that he has been fulfilling this responsibility and has taken the following steps to insure payments are being made according to schedules announced pursuant to *Jolliff*:

"The Bureau and its Director have sought to implement the *Jolliff* decision and have done everything possible to accomplish that end.

"It has defended litigation in the Circuit Court, County of Ingham, and the Court of Appeals, seeking to overturn its schedule of minimum rates. It has instituted a substantial number of 'Rule V' hearings in an

attempt to secure compliance with the rate schedule which its former Director promulgated, and is ready to institute more. It has constantly advised insurance carriers and self-insured employers of the necessity of paying benefits in accordance with the schedules which its Director promulgated in the implementation of *Jolliff, supra.* Its administrative law judges, when awarding benefits for injuries sustained in periods prior to the effective date of *Jolliff, supra,* have consistently followed the rate schedule promulgated by the Director. The Appeal Board, on appeal, has consistently affirmed such awards." (Footnote omitted.)

In addition, all self-insured employers and insurance companies have been informed of the applicable compensation rates pursuant to *Jolliff.*

Plaintiff asserts that these efforts are insufficient and that a single hearing involving all compensation beneficiaries and carriers and self-insured employers is necessary to insure compliance. But, if the plaintiff's position is correct, and the defendant director is required to schedule an all-encompassing hearing to deal with all claims similar to that of a petitioning claimant, then the director will have lost all flexibility in enforcement. Upon the request of a single claimant, enormous resources of the bureau would necessarily be funneled into a single broadly based investigative hearing. Serious inroads would necessarily be made in the director's discretion to allocate limited resources in administering the act for which he is responsible.

There has been some discussion by the parties of whether the bureau even has the power to conduct a class action hearing. To some extent this question may turn on whether a class action suit is inherently equitable in nature and, thus, not permissible before an administrative agency having no equitable powers, see, *Pressley v Wayne County*

*Sheriff,* 30 Mich App 300, 318–319; 186 NW2d 412 (1971), *Paley v Coca Cola Co,* 389 Mich 583, 589–592; 209 NW2d 232 (1973) (opinion for affirmance by WILLIAMS, J.), or whether class actions are merely procedural devices to expedite proceedings in certain cases, not requiring equitable jurisdiction. *Paley, supra,* at 607 (opinion for reversal by SWAINSON, J.), *Northview Construction Co v St Clair Shores,* 395 Mich 497, 517–18, fn 11; 236 NW2d 396 (1975). Even if the latter is true, and a class action is merely a procedural joinder device not requiring jurisdiction not possessed by the bureau, administrative rules permitting and regulating such class actions, if not explicit statutory authority doing so, would clearly be necessary to permit their use. That is, while we need not and do not decide whether the bureau, under properly promulgated administrative rules, could entertain claims brought in the nature of a class action, it certainly does not have the authority to do so absent either an explicit statutory grant of powers or such administrative rules.

The writ of mandamus is denied. No costs, a public question.