KHAN v JACKSON PRISON WARDEN

Docket No. 62986. Submitted February 8, 1983, at Grand Rapids.—
Decided August 17, 1983.

Anwar Khan, an inmate at Jackson prison, escaped from a
minimum security farm. Fifteen months later, he was appre-
hended and returned to prison. A hearing was conducted by a
Department of Corrections hearings officer on the major mis-
conduct charge of prison escape against Khan. Khan was found
guilty and the Jackson prison warden ordered the forfeiture of
one year, two months and two days of Khan's good time. Khan
filed a complaint for mandamus against the Jackson prison
warden in the Court of Appeals alleging that the forfeiture of
his good time credits was secured in violation of his constitu-
tional right to due process. *Held:*

1. The lack of an adequate legal remedy is a necessity before
a writ of mandamus may issue. Khan has an adequate legal
remedy available to him, therefore the Court of Appeals will
not issue the requested writ of mandamus.

2. Khan has 60 days from the date of his receipt of the Court
of Appeals order in the present case to initiate proceedings in
the appropriate circuit court to seek judicial review of the
warden's order. He need not first exhaust his administrative
remedies before resorting to the courts since he has raised only
a constitutional issue.

Complaint dismissed.

1. MANDAMUS — EQUITY — RIGHT TO PERFORMANCE.

Mandamus is appropriate only when it clearly appears that the
plaintiff has shown that he has a clear legal right to the
performance of a specific duty by the defendant and that the
defendant has an incontrovertible legal duty to act in the
manner so requested.

REFERENCES FOR POINTS IN HEADNOTES

[1] 52 Am Jur 2d, Mandamus §§ 63, 64, 72, 73.

[2] 52 Am Jur 2d, Mandamus § 46.

[3] 2 Am Jur 2d, Administrative Law §§ 595, 603.

60 Am Jur 2d, Penal and Correctional Institutions § 42.

2. MANDAMUS — ADEQUATE LEGAL REMEDY — EQUITY.

The lack of an adequate legal remedy is a necessity before a writ of mandamus may issue.

3. PRISONS AND PRISONERS — DISCIPLINARY HEARINGS — ADMINISTRATIVE PROCEDURES ACT — APPEAL.

Disciplinary hearings of prisoners, being contested cases pursuant to the Administrative Procedures Act, are subject to the right of judicial review after exhaustion of administrative remedies; however, the failure to exhaust the administrative remedies does not preclude judicial review where a constitutional question, which the administrative agency is powerless to determine, is involved.

Anwar Khan, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Michael J. Moquin,* Assistant Attorney General, for defendant.

Before: R. M. MAHER, P.J., and R. B. BURNS and P. J. MARUTIAK,* JJ.

PER CURIAM. This is an original action for mandamus. The plaintiff was serving a sentence for third-degree criminal sexual conduct, MCL 750.520d; MSA 28.788(4), when, on May 25, 1980, he escaped from a minimum security farm. On August 18, 1981, plaintiff was apprehended and returned to custody. On August 27, 1981, plaintiff was given a hearing conducted by a hearings officer of the Department of Corrections on a misconduct charge, *viz.,* prison escape. The hearings officer found the plaintiff guilty. On September 16, 1981, the warden of Jackson prison ordered the forfeiture of one year, two months, and two days of plaintiff's good time.

Subsequently, plaintiff filed a complaint for mandamus in this Court, alleging that the forfei-

* Circuit judge, sitting on the Court of Appeals by assignment.

ture of his good time credits was secured in violation of his constitutional right to due process.

Initially, we address defendant's argument that mandamus is not the appropriate remedy. Mandamus is an extraordinary remedy. *Clarke v Hill,* 132 Mich 434; 93 NW 1044 (1903). As this Court said in *Stein v Director, Bureau of Workmen's Compensation,* 77 Mich App 169, 173; 258 NW2d 179 (1977):

"It is well established that mandamus is appropriate only when it clearly appears that the plaintiff has shown that he has a clear legal right to the performance of a specific duty by the defendant, and that the defendant has an uncontrovertible legal duty to act in the manner so requested."

Moreover, the "lack of an adequate legal remedy is a necessity before a writ of mandamus may issue". *Cyrus v Calhoun County Sheriff,* 85 Mich App 397, 399; 271 NW2d 249 (1978). See, also, *Constantine v Liquor Control Comm,* 374 Mich 259, 261; 132 NW2d 146 (1965).

Defendant contends that an adequate legal remedy is available to plaintiff. We agree. Plaintiff's hearing was conducted pursuant to MCL 791.251 *et seq.;* MSA 28.2320(51) *et seq.* That legislative scheme provides for judicial review of a final decision or order of a hearings officers or of the Department of. Corrections. MCL 791.255; MSA 28.2320(55). The petition for judicial review is to be made pursuant to chapter 6 of the Administrative Procedures Act, MCL 24.301-24.306; MSA 3.560(201)-3.560(206). Under chapter 6, the petitioner may seek judicial review once he has exhausted all administrative remedies. MCL 24.301; MSA 3.560(201). The petition is to be filed in the

appropriate circuit court, MCL 24.303; MSA 3.560(203). The circuit court's scope of review and range of remedies are also set forth in the statute. MCL 24.306; MSA 3.560(206). It is clear, therefore, that the Legislature has provided an adequate legal remedy for a prisoner aggrieved by an order of the warden forfeiting the prisoner's good time. We note especially that the constitutional review sought by the plaintiff is within the circuit court's scope of review as defined by the Legislature. See MCL 24.306(1)(a); MSA 3.560(206)(1)(a).

Because the plaintiff has an adequate legal remedy, we decline to issue the requested writ of mandamus.

We urge the plaintiff to seek judicial review of the warden's order in the appropriate circuit court. The plaintiff need not first exhaust his administrative remedies before resorting to the courts since he has raised only a constitutional issue. See *Dickerson v Warden, Marquette Prison,* 99 Mich App 630, 641-642; 298 NW2d 841 (1980). Under the statute, the plaintiff must seek judicial review within 60 days after the date of mailing notice of the final decision or order of the Department of Corrections. See MCL 24.304; MSA 3.560(204). That 60-day period has already elapsed. Nevertheless, because our decision that relief from a prison warden's order forfeiting good time may not be by writ of mandamus is one of first impression, the plaintiff should not be prejudiced in his ability to pursue the appropriate remedy in a timely fashion. Therefore, we have concluded that the plaintiff shall have 60 days from the date of his receipt of this Court's order in the present case to initiate proceedings for judicial review.

Dismissed. No costs.