ROCHESTER COMMUNITY SCHOOLS BOARD OF EDUCATION v
STATE BOARD OF EDUCATION

Docket No. 48214. Submitted December 3, 1980, at Detroit.—Decided
March 16, 1981.

The parents of approximately 75% of the schoolchildren in cer-
tain sections of Shelby Township petitioned to have their
sections of Shelby Township transferred from the Rochester
School District in Oakland County to the Utica School District
in Macomb County. A joint hearing was held by the Oakland
and Macomb County Intermediate School Boards. The Macomb
County board members unanimously favored the transfer. The
Oakland County members unanimously disapproved the trans-
fer. As a result of the equally divided vote, the transfer was
denied. The petitioners appealed to the Michigan State Board
of Education. The State Board appointed a hearing officer to
conduct a hearing on the property transfer request. Following
the hearing, the hearing officer recommended that the State
Board uphold the joint board's denial of the property transfer.
The State Board thereafter ordered the hearing officer to
supplement his findings with reasons which would support the
transfer. None of the parties to the appeal were allowed to
respond to this second report. Thereafter, the Rochester Board
of Education requested that its representatives and interested ·
residents be allowed to address the State Board at one of its
meetings, pursuant to the Open Meetings Act. The request was
denied. The State Board then approved the property transfer
request. The Rochester Board filed a complaint and petition for
review of the State Board's decision in Oakland Circuit Court.

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 150.
[2] 73 Am Jur 2d, Statutes § 265.
[3] 2 Am Jur 2d, Administrative Law §§ 398 et seq., 518.
[4] 2 Am Jur 2d, Administrative Law §§ 399-403, 406.
[5] 2 Am Jur 2d, Administrative Law § 424.
[6] 2 Am Jur 2d, Administrative Law § 227 et seq.
[7] 2 Am Jur 2d, Administrative Law § 348.

Right to assistance by counsel in administrative proceedings. 33
ALR3d 229.

Rochester claimed that the State Board had violated the Open Meetings Act and the statute dealing with the powers and duties of the State Board of Education by not providing the Rochester Board an opportunity to respond to the hearing officer's second report and had violated the Administrative Procedures Act (APA). The complaint also sought to enjoin the State Board from further noncompliance with the Open Meetings Act. The trial court denied a permanent injunction, finding that plaintiffs had failed to exhaust their available remedies under the APA, Bernard L. Kaufman, J. The court also found, however, that the denial of an opportunity to object to the hearing officer's second report violated the statute dealing with the powers and duties of the State Board of Education. A temporary injunction was ordered and the case was remanded to the State Board for further proceedings. Three weeks later, the trial court held a hearing to clarify the language of the remand order. At that time, an order staying the property transfer and remanding the case to the State Board so that plaintiff and all other parties could file objections to the hearing officer's second report was entered. The court also ordered the State Board to permit parties the right to address it concerning such transfer cases under the Open Meetings Act in all similar cases in the future. The State Board, after complying with the court's order, upheld its earlier decision approving the property transfer. The Oakland Circuit Court, John N. O'Brien, J., set aside the temporary injunction prohibiting implementation of the State Board's transfer order. Plaintiff sought leave to appeal and a stay pending appeal in the Court of Appeals. Both were denied. After partial dismissal of plaintiff's complaint and denial by the trial court of the State Board's motion to alter or amend the earlier injunctive order permitting parties to address the State Board in future transfer cases pursuant to the Open Meetings Act, and the awarding, but staying, of attorney fees to plaintiff, the State Board filed its claim of appeal. The issue on appeal is whether the right of address provided in the Open Meetings Act allows parties in contested transfer cases to present oral argument at public meetings of the State Board of Education. *Held:*

The Open Meetings Act must be construed in connection with other statutes and acts affecting the given person or subject under consideration. Property transfer proceedings are subject to the Administrative Procedures Act as well as the Open Meetings Act and the statutes dealing with the powers and duties of the State Board of Education. It is the APA and the other statutes which dominate the procedure to be em-

ployed in property transfer cases. The State Board provided the parties with a fair and impartial hearing in accordance with the full panoply of procedural safeguards guaranteed by the APA and, because it did so, it need not, and should not, allow parties or nonparties to address it concerning the merits of a contested case at a public meeting. Where a full, fair and impartial hearing has been afforded all interested parties, at which the opportunity to address has been provided, and where the Board has been fully apprised of all the evidence, arguments· and exhibits received at the hearing, it is unnecessary, counterproductive and redundant to allow further argument at the formal board meeting. When the Board is considering a noncontested matter of public policy it makes sense to allow interested parties the right to address the Board, but where the Board is about to render a decision on a contested matter it is unnecessary to allow additional oral argument to accomplish the purpose of the Open Meetings Act.

The injunctive order allowing parties to a contested case to address the State Board at public meetings regarding the contested matter is vacated. The award of attorney fees is also vacated since such an award is only appropriate if a public body is not complying with the Open Meetings Act.

1. STATUTES — JUDICIAL CONSTRUCTION.

Lawmakers are presumed to know of, and legislate in harmony with, existing laws.

2. STATUTES — JUDICIAL CONSTRUCTION.

Two or more statutes affecting a person or subject should be read together and each given effect if such can be done without repugnancy, absurdity or unreasonableness.

3. ADMINISTRATIVE LAW — CONSTITUTIONAL LAW — DUE PROCESS.

Rudimentary due process in an administrative adjudication of a contested case demands: 1) timely written notice detailing the reasons for the proposed administrative action; 2) an effective opportunity to defend by confronting any adverse witnesses and by being allowed to present in person witnesses, evidence, and arguments; 3) a hearing examiner other than the individual who made the decision or determination under review; and 4) a written, although relatively informal, statement of findings.

4. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — PROPERTY TRANSFER CASES — DUE PROCESS — STATUTES.

The Administrative Procedures Act of 1969, as applied to cases of property transfer between school districts, satisfies rudimentary

due process demands by providing the parties in a contested case with the opportunity for a prompt, trial-like hearing where the parties are given the opportunity to present oral and written arguments on issues of law and policy and to present evidence and argument on issues of fact (MCL 24.272[3]; MSA 3.560[172][3]).

5. ADMINISTRATIVE LAW — ADMINISTRATIVE PROCEDURES ACT — STATUTES.

The Administrative Procedures Act of 1969 provides for the rights to cross-examine witnesses and to submit rebuttal evidence in a contested case and further provides that, in a contested case, the rules of evidence shall be followed as far as practicable and that an agency's final determination shall be based solely on record evidence (MCL 24.272[4], 24.275, 24.276; MSA 3.560[172][4], 3.560[175], 3.560[176]).

6. ADMINISTRATIVE LAW — OPEN MEETINGS ACT — STATE BOARD OF EDUCATION — STATUTES.

The State Board of Education, when considering a noncontested matter of public policy, should allow interested parties the right to address the Board pursuant to the Open Meetings Act, but where the Board is about to render a decision on a contested matter in which a full, fair and impartial hearing has been afforded all interested parties the opportunity to address the issues has been provided, and the Board has been fully apprised of all the evidence, arguments and exhibits received at the hearing, it is unnecessary, under the Open Meetings Act, to allow further argument at the formal board meeting (MCL 15.261 *et seq.;* MSA 4.1800[11] *et seq.).*

7. ADMINISTRATIVE LAW — OPEN MEETINGS ACT — ATTORNEY FEES — STATUTES.

An award of attorney fees under the Open Meetings Act is only appropriate if a public body is found not to have complied with the act (MCL 15.271[4]; MSA 4.1800[21][4]).

*Boltz, Roth & Silver, P.C.,* for plaintiffs.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Gerald F. Young,* Assistant Attorney General, for defendant.

Amicus Curiae: Michigan Association of School Boards (by *Linda L. Bruin).*

Before: D. C. RILEY, P.J., and D. E. HOLBROOK, JR., and M. B. BREIGHNER,* JJ.

D. C. RILEY, P.J. The question on appeal concerns the scope of the right of address provided in the Michigan Open Meetings Act.[1] This controversy arises out of the efforts of parents from certain sections of Shelby Township to transfer their children from the Rochester School District in Oakland County to the Utica School District in Macomb County.

In May, 1977, the parents of approximately 75 percent of the affected children executed petitions for the transfer under MCL 380.901 *et seq.;* MSA 15.4901 *et seq.* As a result, on June 23, 1977, a joint hearing was held by the Oakland and Macomb County Intermediate School Boards. By an equally divided vote, the boards denied the request for the transfer. While the Macomb County members unanimously favored the transfer, the Oakland County members disapproved of the transfer with equal vigor.

On June 24, 1977, in response to the action by the joint boards, 85 of the original petitioners filed an appeal with defendant Michigan State Board of Education (hereinafter State Board). Prior to consideration of the appeal, the State Board appointed a hearing officer to conduct a hearing on the property transfer request. Subsequent to the hearing on the matter, at which both the proponents of and opponents to the transfer were allowed to testify and at which 21 witnesses testified, the hearing officer issued his report, recommending that the State Board uphold the decision of the joint Macomb and Oakland boards and deny the

---

* Circuit judge, sitting on the Court of Appeals by assignment.
[1] MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.*

transfer of property from the Rochester School District to the Utica School District.

In February, 1979, the State Board commenced consideration of the matter, but, on February 16, 1979, it ordered the hearing officer to supplement his findings with reasons which would *support* the transfer. The hearing officer complied and submitted a second report to the State Board, but the parties were not afforded an opportunity to respond to this report.[2] On February 19, 1979, the Rochester Board requested that both its representatives and interested residents be allowed to address the State Board at its February 21, 1979, meeting pursuant to the Open Meetings Act. The State Board rejected this request and on February 21, 1979, voted to approve the transfer by a four to three vote.[3]

This ruling precipitated the instant law suit and, as a result, the Rochester Board filed a complaint and petition for review of the State Board's transfer decision in Oakland County Circuit Court. Rochester claimed that the State Board had violated the Open Meetings Act, had failed to comply with the provisions of MCL 388.1010(b); MSA 15.1023(10)(b) by not providing the Rochester Board an opportunity to respond to the hearing officer's second report, and had violated the Administrative Procedures Act.[4] Additionally, the

[2] After petitioners filed suit in the circuit court, the trial judge issued an opinion declaring that denying the Rochester Board the opportunity to object to the hearing officer's second report violated MCL 388.1010(b); MSA 15.1023(10)(b). All parties were thereby given an opportunity to file written objections to the second report.

[3] The State Board's policy is contained in its June 1, 1978, Rules, entitled "Public Participation in State Board of Education Meetings", wherein it provides:

"Because of the nature of contested cases and the risk of conducting a *de novo* hearing, the Board should refrain from receiving additional input in such cases."

[4] MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.*

complaint sought to enjoin the State Board from further noncompliance with the Open Meetings Act.

In April, 1979, the trial court granted intervention both individual opponents to and proponents of the transfer. Intervening plaintiffs sought to have the State Board's ruling vacated as violative of both the Administrative Procedures Act (hereinafter APA) and the Open Meetings Act.

On June 1, 1979, the trial judge issued findings of fact and conclusions of law holding that plaintiffs had failed to exhaust their available review remedies under the APA and that a permanent injunction should, therefore, be denied. He concluded, however, that denying Rochester the opportunity to object to the hearing officer's second report violated MCL 388.1010(b); MSA 15.1023(10)(b). He granted a temporary injunction and remanded the case back to the State Board for proceedings consistent with the statute.

On June 20, 1979, the trial judge held a hearing to clarify the language of the remand order. He then entered an order staying the property transfer and remanding the case to the State Board so that plaintiff and all other parties could file objections to the hearing officer's second report. Once those objections were filed, the State Board was to determine whether it would vacate its transfer order. He also ordered the State Board to permit parties the right to address it concerning such transfer cases under the Open Meetings Act in all similar cases in the future.

On August 8, 1979, the State Board, again by a four to three vote, ruled not to vacate its earlier decision ordering the transfer. On August 16, 1979, a circuit judge set aside the temporary injunction prohibiting implementation of the State Board's February 21, 1979, transfer order.

Thereafter, plaintiff sought leave to appeal and a stay pending appeal from this Court. By order of September 4, 1979, this Court denied both leave to appeal and the stay. On October 18, 1979, by stipulation and order of partial dismissal, counts I and II of plaintiff's complaint were dismissed. In addition, on October 18, 1979, a circuit judge denied the State Board's motion to alter or amend the June 20, 1979, injunctive order with respect to permitting parties to address the State Board in future transfer cases, pursuant to the Open Meetings Act, and awarded plaintiff's attorney fees of $3,250 under the Open Meetings Act.[5] However, the court stayed the award of attorney fees pending appeal.

On November 7, 1979, defendant State Board filed its claim of appeal from the June 20, 1979, injunctive order and the October 18, 1979, order denying its motion to alter or amend the order granting attorney fees. Since plaintiff has not cross-appealed the court's order removing the temporary injunction against the property transfer, the issue on appeal is a narrow one: Whether the right of address provided in the Open Meetings Act allows parties in contested transfer cases to present oral argument at public meetings of the State Board of Education.

The relevant provisions of the Open Meetings Act are as follows:

"Sec. 3. (1) All meetings of a public body shall be open to the public and shall be held in a place available

---

[5] MCL 15.271(4); MSA 4.1800(21)(4).

*"Recovery of costs and attorney fees.* (4) If a public body is not complying with this act, and a person commences a civil action against the public body for injunctive relief to compel compliance or to enjoin further noncompliance with the act and succeeds in obtaining relief in the action, the person shall recover court costs and actual attorney fees for the action."

to the general public. All persons shall be permitted to attend any meeting except as otherwise provided by this act.

"(2) All decisions of a public body shall be made at a meeting open to the public.

"(3) All deliberations of a public body constituting a quorum of its members shall take place at a meeting open to the public except as otherwise provided in §§ 7 and 8.

\* \* \*

"(5) A person shall be permitted to address a meeting of a public body under rules established and recorded by the public body. The legislature or a house of the legislature may provide by rule that the right to address may be limited to prescribed times at hearings and committee meetings only.

\* \* \*

"(7) This act shall not apply to judicial proceedings but shall apply to a court while exercising rule-making authority and while deliberating or deciding upon the issuance of administrative orders.

"(8) This act shall not apply to the following boards, commission, or panel only when deliberating the merits of a case:

"(a) The worker's compensation appeal board \* \* \*

"(b) The employment security appeals board \* \* \*

"(c) The teacher tenure commission \* \* \*

"(d) An arbitrator or arbitration panel appointed by the employment relations commission pursuant to the authority given the commission \* \* \*

"(e) An arbitration panel selected pursuant to chapter 50A of Act No 236 of the Public Acts of 1961 \* \* \*." MCL 15.263; MSA 4.1800(13).

Although § 3, cited above, is the heart of the Open Meetings Act, § 2, the definitional section of the act, is also very important; indeed, we think it is crucial in resolving the instant question. Expecially relevant are the definitions of a "meeting" and a "decision":

"(b) 'Meeting' means the convening of a public body at which a quorum is present for the purpose of deliberating toward or *rendering a decision on a public policy.*

\* \* \*

"(d) 'Decision' means a determination, action, vote, or disposition upon a motion, proposal, recommendation, resolution, order, ordinance, bill, or measure on which a vote by members of a public body is required and by which a public body *effectuates or formulates public policy."* MCL 15.262; MSA 4.1800(12). (Emphasis added.)

To properly understand our resolution of this question, it is also necessary to consider the primary purpose served by open meeting legislation, which is, essentially, to ensure that the performance of necessary governmental functions is open to the public. As one commentator has written:

"Open government is believed to serve as both a light and disinfectant in exposing potential abuse and misuse of power. The deliberation of public policy in the public forum is an important check and balance on self-government." Osmon, Comment: *Sunshine or Shadows: One State's Decision,* 1977 Det Col L Rev 613, 617.

As laudable as it may be, open meetings legislation cannot be read in splendid isolation. Instead, it must be construed in connection with other statutes and acts affecting the given person or subject under consideration. Prior to discussing the other relevant statutes applicable to this action, we note two prominent rules of construction. First, it is a general rule of construction that lawmakers are presumed to know of and legislate in harmony with existing laws. Secondly, and relatedly, the rule *in pari materia* requires that two or more statutes affecting a person or subject should be read together and each given effect if such can be

done without repugnancy, absurdity or unreasonableness. *People v Harrison,* 194 Mich 363, 370-371; 160 NW 623 (1916).

It is with these rules in mind that we note that property transfer proceedings are subject not only to the requirements of MCL 388.1010; MSA 15.1023(10), dealing with the powers and duties of the Board of Education, but also to the provisions of the Michigan Administrative Procedures Act. Those two statutes, in fact, dominate the procedure to be employed in property transfer cases. The Open Meetings Act is applicable only tangentially.

MCL 388.1010(b); MSA 15.1023(10)(b), provides in pertinent part that:

"[t]he [State Board of Education] may appoint a hearing officer to hear the appeals from decisions on alterations of boundaries of school districts who shall prepare a written report for consideration of the board. A copy of the written report shall be furnished to the designated appellant and appellee, who within 20 days may file written objections to the report with the state board of education for its consideration. After considering the report of the hearing officer and *any objections filed by interested parties,* the board may determine the appeal or order a hearing by it of the appeal from the decision on alterations of boundaries of school districts." (Emphasis added.)

As can be seen, this statute allows any interested party the right to submit information to the hearing officer prior to the board's decision.

In addition to the statute cited above, chapter 4 of the Administrative Procedures Act, MCL 24.271 *et seq.;* MSA 3.560(171) *et seq.,* establishes carefully defined procedures to be followed in the adjudication of contested cases, such as property transfer disputes. The APA is a delicately drafted

legislative enactment designed to satisfy modern-day notions of due process while at the same time not placing an undue burden on the day-to-day operation of governmental agencies.

As property transfers obviously involve important property interests, hearings on such matters must comply with present day standards of due process. In *Sponick v Detroit Police Dep't,* 49 Mich App 162, 189; 211 NW2d 674 (1973), this Court held that:

" 'Rudimentary due process' demands: (i) timely written notice detailing the reasons for proposed administrative action; (ii) an effective opportunity to defend by confronting any adverse witnesses and by being allowed to present in person witnesses, evidence, and arguments; (iii) a hearing examiner other than the individual who made the decision or determination under review; and (iv) a written, although relatively informal, statement of findings. *Goldberg v Kelley,* [397 US 254; 90 S Ct 1011; 25 L Ed 2d 287 (1970)]; *Wheeler v Montgomery,* 397 US 280; 90 S Ct 1026; 25 L Ed 2d 307 (1970); *Morrissey v Brewer,* [408 US 471, 486; 92 S Ct 2593, 2603; 33 L Ed 2d 484, 497 (1972)]; and *Gagnon v Scarpelli,* 411 US 778, 786; 93 S Ct 1756, 1761-1762; 36 L Ed 2d 656, 664 (1973)."

As applied to property transfer cases, the APA satisfies "rudimentary due process demands" by providing the parties in a contested case with the opportunity for a prompt, trial-type hearing. The APA mandates that the parties "shall be given an opportunity to present oral and written arguments on issues of law and policy", as well as "an opportunity to present evidence and argument on issues of fact". MCL 24.272(3); MSA 3.560(172)(3). In addition, it provides for the rights to cross-examine witnesses and to submit rebuttal evidence. MCL 24.272(4); MSA 3.560(172)(4).

The APA also provides that, in a contested case, the rules of evidence "shall be followed as far as practicable". MCL 24.275; MSA 3.560(175). Perhaps most significantly, however, the APA provides that an agency shall make its final determination based solely on record evidence.

"Evidence in a contested case, including records and documents in possession of an agency of which it desires to avail itself, shall be offered and made a part of the record. Other factual information or evidence *shall not be considered in determination of the case * * *."* MCL 24.276; MSA 3.560(176). (Emphasis added.)

We hold that since the State Board provided the parties with a fair and impartial hearing in accordance with the full panoply of procedural safeguards guaranteed by the APA, the State Board need not, and in fact should not, allow parties or nonparties to address it concerning the merits of a contested case at a public meeting.

We agree with the appellant's contention that permitting repeated oral argument in advance of the formal hearing or subsequent to the hearing will not serve to confine the argument and the attention of the State Board to the record evidence as required by the APA. To the contrary, such a procedure would severely undermine the requirement that decisions be made on the record. Although we recognize the important public policy considerations attendant to the right of the citizenry to address public bodies when they deliberate on matters of *public policy,* we believe that the due process rights of parties to a contested hearing are even more important. Allowing parties to a contested case to present evidence or oral argument at any meeting before a governmental board does not meet the requirements of due process. A

public meeting is not the appropriate forum for adversary proceedings. To hold otherwise would severely undermine the procedural safeguards provided by the APA.

The purpose of the Open Meetings Act is to provide the public with fuller disclosure of the acts of government officials. Our holding in this case will not undermine that objective. Denying the parties in contested transfer cases the right to present oral argument at meetings of the State Board during the pendency of the case does not mean that the Board may conduct its deliberations in private. To the contrary, both the Board's deliberations and its final decision must still be made at the public meeting, under the watchful and scrutinizing eyes of the public. Simply put, where a full, fair and impartial hearing has been afforded all interested parties, at which the opportunity to address has been provided, and where the Board has been fully apprised of all the evidence, arguments and exhibits received at the hearing, it is unnecessary, counterproductive and redundant to allow further argument at the formal Board meeting.

In addition, we are convinced that our holding effectuates the policies behind all of the statutes involved. Although a public meeting is appropriate for the expression of public opinion on matters of general public policy, it should not be used as a device whereby a party may contravene the strictures of the APA. In this regard, it is interesting to note that the drafters of the Open Meetings Act defined meeting as "the convening of a public body at which a quorum is present for the purpose of * * * rendering a decision on a *public policy".* MCL 15.262(b); MSA 4.1800(12)(b). When defining the word "decision" the drafters also referred to

the formulation of a "public policy". We deem the use of the phrase "public policy" significant. When the Board is considering a noncontested matter of public policy it makes sense to allow interested parties the right to address the Board. But when the Board is about to render a decision on a contested matter, it is unnecessary to allow additional oral argument to accomplish the purpose of the Open Meetings Act. Indeed, as we have previously said, to do so would contravene the intent and purpose of the APA.

We, therefore, vacate the injunctive order requiring the State Board of Education to allow parties to a contested case to address it regarding the contested matter at public meetings of the Board. In addition, since an award of attorney fees is only appropriate if a public body is not complying with the Open Meetings Act, and in light of our holding that the State Board has complied, the award of attorney fees is likewise vacated.

No costs, a matter of statutory construction being involved.