GOODE v DEPARTMENT OF SOCIAL SERVICES

Docket No. 77428. Submitted February 14, 1985, at Lansing.—Decided June 19, 1985. Leave to appeal applied for.

Plaintiffs, Selma Goode, Westside Mothers Welfare Rights Organization, Intermediate Welfare Rights Organization, and United Welfare Rights Organization, brought an original action in the Court of Appeals against the Department of Social Services, seeking mandamus to require the defendant to conduct its contested case hearings in conformity with the Open Meetings Act. Plaintiffs allege that defendant's practice of conducting hearings by telephone conference calls and of having the hearings presided over by a single hearing officer violates the Open Meetings Act. *Held:*

1. The question of whether a single person or a multi-member panel presides over the hearings is not dispositive of whether there is a violation of the Open Meetings Act. To the extent that an opinion of the Attorney General would so hold, the Court of Appeals did not agree with that opinion.

2. The dispositive question is whether the performance of a necessary governmental function is open to the public. The teleconference calls are conducted over speaker phones and all interested persons who wish to attend the hearings are allowed to do so. This procedure does not violate the Open Meetings Act.

3. The release of a written opinion to the public, rather than

REFERENCES FOR POINTS IN HEADNOTES

[1] Am Jur 2d, Mandamus § 1 *et seq.*

See also the annotations under Mandamus in the ALR3d and 4th Quick Index.

[2, 3] Am Jur 2d, Administrative Law § 227 *et seq.*

Am Jur 2d, Municipal Corporations, Counties, and Other Political Subdivisions § 155 *et seq.*

Validity, construction, and application of statutes making public proceedings open to the public. 38 ALR3d 1070.

[3] Am Jur 2d, Welfare Law § 107.

See also the annotations under Hearings; Welfare in the ALR3d and 4th Quick Index.

convening a second hearing for the sole purpose of announcing the hearing officer's decision, sufficiently meets the requirements of the Open Meetings Act.

Mandamus denied.

1. MANDAMUS — REMEDIES.

Mandamus is an extraordinary remedy which is appropriate only when the plaintiff has shown a clear legal right to the performance of a specific duty by the defendant and the defendant has an uncontrovertible legal duty to act in the manner requested; in addition there must be a lack of an adequate legal remedy.

2. STATUTES — OPEN MEETINGS ACT — PERFORMANCE OF GOVERNMENTAL FUNCTION.

The dispositive question in a case involving the Open Meetings Act is whether the performance of a necessary governmental function is open to the public (MCL 15.261 *et seq.*; MSA 4.1800[11] *et seq.*).

3. SOCIAL SERVICES — WELFARE HEARINGS — TELECONFERENCE CALLS — OPEN MEETINGS ACT.

The holding of contested case hearings under the Social Welfare Act by the Department of Social Services via teleconference calls in which the calls are heard through speaker phones and are audible to all in the room and which may be attended by any persons who wish to do so does not violate the provisions of the Open Meetings Act (MCL 15.261 *et seq.*; MSA 4.1800[11] *et seq.*).

*Edward J. Hoort,* for Selma Goode and Westside Mothers Welfare Rights Organization.

*Legal Services of Eastern Michigan* (by *Terri L. Stangl),* for Intermediate and United Welfare Rights Organizations.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Erica Weiss Marsden,* Assistant Attorney General, for defendant.

Before: D. E. HOLBROOK, JR., P.J., and ALLEN and E. M. THOMAS,* JJ.

PER CURIAM. Plaintiffs, who are an individual and three welfare rights organizations, seek to compel defendant, Michigan Department of Social Services, to conduct its contested case hearings in conformity with the Open Meetings Act, MCL 15.261 *et seq.;* MSA 4.1800(11) *et seq.* This is an original action for mandamus.

Plaintiffs contend that the Open Meetings Act is violated by the defendant's having approximately 75 percent of the hearings conducted by telephone conference calls and that decisions regarding the hearings are not publicly made. Defendant planned to make the teleconference hearings standard procedure on October 1, 1984. Plaintiffs' motion to stay implementation of this procedure was granted by this Court on October 11, 1984.

Plaintiffs have requested mandamus.

"Mandamus is an extraordinary remedy. *Clarke v Hill,* 132 Mich 434; 93 NW 1044 (1903). As this Court said in *Stein v Director, Bureau of Workmen's Compensation,* 77 Mich App 169, 173; 258 NW2d 179 (1977):

" 'It is well established that mandamus is appropriate only when it clearly appears that the plaintiff has shown that he has a clear legal right to the performance of a specific duty by the defendant, and that the defendant has an uncontrovertible legal duty to act in the manner so requested.'

"Moreover, the 'lack of an adequate legal remedy is a necessity before a writ of mandamus may issue'. *Cyrus v Calhoun County Sheriff,* 85 Mich App 397, 399; 271 NW2d 249 (1978). See, also, *Constantine v Liquor Control Comm,* 374 Mich 259, 261; 132 NW2d 146 (1965)." *Khan v Jackson Prison Warden,* 128 Mich App 224, 226; 340 NW2d 77 (1983).

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

Additionally, if defendant had a clear legal duty to act and has not, mandamus is the appropriate remedy in the instant action.

The Social Welfare Act specifically provides that its hearings are to be conducted pursuant to the Open Meetings Act. MCL 400.9; MSA 16.409. Defendant argues that, as only a single person presides, these hearings do not come under the act. See 1977-1978 OAG, No. 5183-A, p 97 (April 18, 1977). We do not agree with this ruling of the Attorney General. We do not find the question of whether a multi-member panel or a single person presides to be dispositive. Such a distinction carries with it the potential for undermining the Open Meetings Act, as merely having a single person preside would exempt the public body from compliance with the act. This is not a situation where only one person is present, which would make holding a "meeting" impossible. 1977 OAG 5183-A. Rather, the single hearing officer convenes the hearing and witnesses and testimony are received. Additionally, it is clear that defendant could have multi-member panels. MCL 400.9; MSA 16.409.

The dispositive question is whether the performance of necessary governmental functions is open to the public. *Rochester Community Schools Bd of Ed v State Bd of Ed,* 104 Mich App 569, 578; 305 NW2d 541 (1981). We find no problem with the holding of hearings via teleconference calls.[1] Such calls are heard through speaker phones and are audible to all in the room. Persons who wish to attend the hearing are allowed to do so and may attend at either location. The conference call set-up actually increases the accessibility of the public

[1] We by no means intend to infringe upon the rights of the welfare recipient to privacy. See MCL 15.268; MSA 4.1800(18), MCL 400.64; MSA 16.464.

to attend, as now more than one location is open to the public. While we recognize that to actually see and observe all the witnesses and the hearing officer is desirable, we do not find it necessary. We disagree with 1977 OAG 5183-A to the extent that it holds differently.

The policy of promptly conducting the hearings and quickly resolving the claims far outweighs the benefits of members of the public actually seeing the hearing. The rights of the public are adequately protected by telephonic hearings as open adjudications of claims and public access to the deliberations can be provided by the telephone hearing procedure.

Plaintiffs additionally argue that the Open Meetings Act is being violated as the actual decision is not made in public. There is no way that the hearing officer's thoughts and research can be done publicly. The only possible solution would be to require a second hearing to be scheduled and held. Such a result is ridiculous.

We find that to require the hearing officer to hold a second hearing so that his opinion could be read out loud would be extremely costly and defy common sense. In the interest of judicial economy, we find that releasing a written opinion to the public sufficiently meets the requirements of the act.

Mandamus denied. No costs. A public question involved.