MICU v CITY OF WARREN

Docket No. 79610. Submitted June 11, 1985, at Detroit.—Decided
December 16, 1985. Leave to appeal applied for.

Gary D. Micu filed an employment application with the City of
Warren for a position as a firefighter, listing his height as 5
feet 8 inches, the minimum height requirement set by the city
for the position of firefighter. Micu's actual height was less
than 5 feet 7 inches. Micu passed all the preliminary require-
ments and tests for the position, but when, during a physical
examination by the city physician, it was discovered that Micu
was not of the required height, the examination ceased. The
City of Warren Police and Fire Civil Service Commission there-
after informed Micu that he had not successfully completed the
examination for firefighter because he did not meet the mini-
mum height requirement. Micu appealed to the Warren Civil
Service Commission which affirmed the denial of Micu's appli-
cation. Micu brought a two-count complaint in Macomb Circuit
Court against the City of Warren, alleging height discrimina-
tion contrary to the prohibitions contained in the Michigan
civil rights act and intentional infliction of emotional distress.
In its answer, the city admitted that it was an employer within
the meaning of the civil rights act. While denying plaintiff's
claim that height was not a bona fide occupational qualification
under the provisions of the civil rights act, the city did not
plead as an affirmative defense that height was a bona fide
occupational qualification. The city did plead as an affirmative
defense fraud and misrepresentation by plaintiff arising out of

REFERENCES

Am Jur 2d, Administrative law §§ 187 et seq.

Am Jur 2d, Civil Rights §§ 103 et seq.

Am Jur 2d, Fright, Shock, and Mental Disturbance §§ 4 et seq.

Am Jur 2d, Statutes §§ 142 et seq.

Employer's height or weight requirements as unlawful employment
practice violative of Title VII Civil Rights Act of 1964 (42 USCS
§§ 2000e et seq.). 29 ALR Fed 792.

Modern status of intentional infliction of mental distress as inde-
pendent tort; "outrage". 38 ALR4th 998.

What constitutes unfair labor practice under state public employee
relations acts. 9 ALR4th 20.

his misrepresentation of his height on the application. Plaintiff moved to strike the affirmative defense and for summary judgment on the discrimination count. The trial court, Robert J. Chrzanowski, J., denied plaintiff's motions to strike and for partial summary judgment. Plaintiff moved for a declaratory judgment as to whether the provisions of the Michigan civil rights act superseded the provisions of the police and fire civil service act with respect to height requirements. The city countered with a motion for summary judgment as to both counts of plaintiff's complaint. The trial court denied plaintiff's motion and granted the city's motion for summary judgment, holding that the police and fire civil service act exclusively controlled the hiring of firefighters, that that act permitted city civil service commissions to adopt rules and regulations and that the minimum height requirements adopted by city civil service commissions are reasonable for the proper and efficient running of a fire department. Plaintiff appealed. *Held:*

1. The Legislature did not intend that the civil rights act's prohibitions against discriminatory practices be ignored by municipal civil service commissions in the exercise of their authority to promulgate rules and set standards for the employment of firefighters and police officers pursuant to the fire and police civil service act. Employment standards promulgated pursuant to that act must be in compliance with the provisions of the civil rights act.

2. A city may impose a minimum height requirement for firefighters only if the city can demonstrate that the height requirement is a bona fide occupational qualification. The city may either apply to the Civil Rights Commission for an exemption or seek to establish that the requirement is a bona fide qualification during litigation.

3. The question of whether the city's minimum height requirement is a bona fide occupational qualification can be decided only after an evidentiary hearing in the trial court.

4. Summary judgment was properly granted by the trial court in favor of the city on the intentional infliction of emotional distress claim, since the imposition of the minimum height requirement of 5 feet 8 inches cannot be said to be so outrageous in character or so extreme in degree as to go beyond all bounds of decency.

Affirmed in part, reversed in part and remanded.

1. Civil Rights — Civil Rights Act — Legislative Purpose.

The Michigan civil rights act is aimed at the prejudices and biases borne against persons because of their membership in a certain class and seeks to eliminate the effects of offensive and

demeaning stereotypes, prejudices or biases (MCL 37.2101 *et seq.;* MSA 3.548[101] *et seq.).*

2. CIVIL RIGHTS — CIVIL SERVICE — FIREFIGHTERS — LEGISLATIVE INTENT.

The Legislature did not intend that the prohibitions against discriminatory practices of the Elliott-Larsen Civil Rights Act be ignored by municipal civil service commissions in the exercise of their authority to promulgate rules and set standards for the employment of firefighters and police officers pursuant to the fire and police civil service act; rather, standards set by the local civil service commissions must comply with the provisions of the civil rights act (MCL 37.2101 *et seq.;* MSA 3.548[101] *et seq.;* MCL 38.501 *et seq.;* MSA 5.3351 *et seq.).*

3. STATUTES — JUDICIAL CONSTRUCTION.

Two or more statutes affecting a person or subject should be read together and each given effect if such can be done without repugnancy, absurdity or unreasonableness.

4. CIVIL RIGHTS — FIREFIGHTERS — MINIMUM HEIGHT.

A city may impose a minimum height requirement for employment as to firefighters only if the city can demonstrate that height is a bona fide occupational qualification; the city may either apply to the Civil Rights Commission for an exemption or establish the necessity of the requirement during litigation (MCL 37.2208; MSA 3.548[208]).

5. ADMINISTRATIVE LAW — RULES AND REGULATIONS — VIOLATION.

A governmental agency may not violate rules and regulations it has issued to govern its activity.

6. TORTS — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS.

Recovery for intentional infliction of emotional distress is available only where the conduct giving rise to the claim is so outrageous in character and so extreme in degree as to go beyond all bounds of decency.

*Thomas F. Brill,* for plaintiff.

*David L. Dalenberg,* for defendant.

Before: DANHOF, C.J., and R. B. BURNS and V. J. BRENNAN, JJ.

V. J. BRENNAN, J. Plaintiff appeals as of right

from an order entered in Macomb County Circuit
Court on July 17, 1984, which denied plaintiff's
motion for declaratory judgment and granted de-
fendant's motion for summary judgment, GCR
117.2(1). Plaintiff's two-count complaint alleging
height discrimination under the Elliott-Larsen
Civil Rights Act, MCL 37.2101 *et seq.;* MSA
3.548(101) *et seq.,* and intentional infliction of
emotional distress as a result of the alleged dis-
crimination was dismissed.

On April 5, 1979, plaintiff filed an employment
application with the City of Warren for the posi-
tion of firefighter. The city has a minimum height
requirement of 5 feet 8 inches for firefighters. On
the employment application, plaintiff listed his
height as 5 feet 8 inches. Actually, his height is
between 5 feet 6 inches and 5 feet 6 1/2 inches.

Besides completion of the employment applica-
tion, to be placed on the eligibility list a firefighter
applicant for the city must meet certain "prelimi-
nary requirements", undergo written, verbal and
agility tests, and be examined by the city physi-
cian. Because plaintiff's application did not reveal
any deficiencies in the preliminary requirements,
plaintiff was allowed to complete the application
process.[1]

Of all the preliminary requirements and tests
established by defendant, plaintiff met and passed
each with the exception of the minimum 5 feet 8
inch height requirement.

After the many tests, plaintiff was examined by
the city physician. When his height was measured
and found to be less than 5 feet 8 inches, the
examination ceased. In a letter allegedly dated
December 18, 1979, (according to plaintiff) or De-

[1] On July 23, 1979, during the time plaintiff was still involved in
the application process with the City of Warren, plaintiff accepted an
unspecified position with the Farmington Hills Fire Department.

cember 2, 1979, (according to defendant), plaintiff was informed by the Warren Police and Fire Civil Service Commission that he had not successfully completed the examination for firefighter because he did not meet the minimum height requirement. According to defendant, plaintiff appealed the refusal of his application to the Warren Civil Service Commission and a hearing was held on December 18, 1979, during which the denial of plaintiff's application was affirmed.

On April 8, 1981, plaintiff filed a two-count complaint against the City of Warren, alleging height discrimination in their employment practices, contrary to the prohibitions of the Elliott-Larsen Civil Rights Act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.* (hereafter Elliott-Larsen) and intentional infliction of emotional distress. Plaintiff prayed for monetary damages and attorney fees.

On May 19, 1981, in its answer, defendant admitted that "it was an employer and plaintiff was an applicant for the position of fire fighter within the meaning of the Michigan Elliott-Lawson *[sic]* Act (Mcl 37.2001) *[sic]"*, but denied that height was not exempted as a bona fide occupational qualification by MCL 37.2208; MSA 3.548(208). However, defendant did not plead as an affirmative defense that height was a bona fide occupational qualification. Rather, as its only affirmative defense, defendant alleged "that plaintiff is guilty of fraud by reason of his misrepresentation on his application submitted for fire fighter as to his true height and is estopped to claim discrimination by reason of this fraudulent misrepresentation".

On September 11, 1981, plaintiff's attorney filed a pretrial factual statement of plaintiff's complaint and said that plaintiff "applied for employment as a fireman, stating that he was 5'8" tall because he,

in fact, believed he was 5'8" tall". On September 11, 1981, plaintiff also moved to strike defendant's affirmative defense and moved for partial summary judgment, contending that "fraud is not an available defense to defendant if defendant relies upon a provision contrary to law". Plaintiff, therefore, prayed that summary judgment be granted on Count I, plaintiff's height discrimination claim.

On November 10, 1981, defendant filed answers to interrogatories and stated that a rational basis existed for the height requirement. The deponent was Donald L. Soldenski. Neither the lower court file nor the interrogatories reveal what Soldenski's job title is or what his job responsibilities were. The rational basis stated by Soldenski was based upon Soldenski's opinion.

In an opinion dated June 30, 1982, the trial court denied plaintiff's September 11, 1981, motion to strike the affirmative defense and for partial summary judgment, finding that the alleged affirmative defense (i.e., plaintiff's misrepresentation of his height) was a legally sufficient defense. An appropriate order was entered on July 23, 1982.

In a motion filed on October 11, 1983, plaintiff requested that the trial court make legal findings to determine whether Elliott-Larsen supersedes the police and fire civil service act with respect to height requirements and moved for declaratory judgment. In a motion filed on November 4, 1983, the defendant countered plaintiff's motion and moved for summary judgment on both Counts I and II.

In an opinion dated June 25, 1984, the trial court denied plaintiff's October 11, 1983, motion and granted defendant's motion for summary judgment on the ground that the fire and police civil service act exclusively controlled the hiring of firefighters, MCL 38.501 et seq.; MSA 5.3351 et

*seq.* The court also determined that the fire and police civil service act permitted municipal city service commissions to adopt rules and regulations, that the defendant had adopted a rule establishing a height requirement, that height requirements "have been deemed reasonable for the proper and efficient running at *[sic]* a fire department", and that it was not "his duty" to find the height requirement "unenforceable".

An appropriate order was entered on July 17, 1984. From this order, plaintiff appeals as of right the dismissal of Counts I and II of his complaint.

The first issue for our determination is whether the Elliott-Larsen act, MCL 37.2101 *et seq.;* MSA 3.548(101) *et seq.,* applies to the minimum height requirement promulgated as a rule under the fire and police civil service act, 1935 PA 78, MCL 38.501 *et seq.;* MSA 5.3351 *et seq.,* (Act 78), by the Warren Fire and Police Civil Service Commission.

Section 202 of Elliott-Larsen, MCL 37.2202; MSA 3.548(202), states:

"(1) An employer shall not:

"(a) Fail or refuse to hire, or recruit, or discharge, or otherwise discriminate against an individual with respect to employment, compensation, or a term, condition, or privilege or employment, because of religion, race, color, national origin, age, sex, *height,* weight, or marital status." (Emphasis added.)

Section 201a, MCL 37.2201(a); MSA 3.548(201)(a), defines "employer" as "a person who has 1 or more employees, and includes an agent of that person". Section 103(f), MCL 37.2103(f); MSA 3.548(103)(f), defines "person" to include, *inter alia,* "a political subdivision of the state". Section 103(g), MCL 37.2103(g); MSA 3.548(103)(g), defines "political subdivision" to include, *inter alia,* a city.

From the foregoing, it is clear that the defendant and its agents, here the Warren Civil Service Commission, are persons and defendant is an employer within the meaning and coverage of Elliott-Larsen.

Defendant contends that its civil service commission has authority under Act 78 to impose a height requirement. In § 9 of Act 78, MCL 38.509; MSA 5.3359, civil service commissions are required to "[p]rescribe, amend, and enforce rules and regulations for carrying into effect the provisions of this act". In § 11, MCL 38.511; MSA 5.3361, civil service commissions are required to make rules for such "matters as are necessary to carry out the purposes of this act". In the act's preamble, one of the stated purposes of the act is "to provide a civil service system based upon examination and investigation as to merit, efficiency and fitness for appointment, employment and promotion" of firefighters and police officers. The city contends that its rule establishing 5 feet 8 inches as a minimum height requirement furthers the enunciated purposes of merit, efficiency and fitness and is, therefore, validly promulgated under Act 78.

Defendant further contends that Elliott-Larsen does not supersede Act 78 or rules and regulations properly promulgated thereunder. In support of this assertion, the city relies upon § 7 of Act 78, MCL 38.507; MSA 5.3357, which provides:

"On and after the date this act takes effect, appointments to and promotions in all paid fire and/or police departments of cities, villages or municipalities of any population whatsoever shall be made only according to qualifications and fitness to be ascertained by examinations, which shall be competitive, and *no person shall be appointed,* reinstated, promoted or discharged *as a paid member of said departments* regardless of rank or position, in any fire or police department of any city,

village or municipality in the state of Michigan, *in any manner or by any means other than those prescribed in this act."* (Emphasis added.)

In its opinion, the trial court relied upon defendant's interpretation of § 7 to grant defendant's motion for summary judgment.

The Elliott-Larsen act provides that an employer may seek an exemption from the prohibitions of MCL 37.2202; MSA 3.548(202) by applying to the civil rights commission "for an exemption on the basis that religion, national origin, age, *height,* weight or sex is a bona fide occupational qualification reasonably necessary to the normal operation of the business or enterprise". MCL 37.2208; MSA 3.548(208) (emphasis added). "Upon sufficient showing", the civil rights commission "may grant an exemption to the appropriate section of" the Elliott-Larsen act. *Id.*

Furthermore, MCL 37.2208; MSA 3.548(208) provides:

"An employer may have a bona fide occupational qualification on the basis of religion, national origin, sex, age or marital status, height and weight without obtaining prior exemption from the commission provided that an employer who does not obtain an exemption shall have the burden of establishing that the qualification is reasonably necessary to the normal operation of the business."

We point out that:

"Civil rights acts seek to prevent discrimination against a person because of stereotyped impressions about the characteristics of a class to which the person belongs. The Michigan civil rights act is aimed at 'the prejudices and biases' borne against persons because of their membership in a certain class * * * and seeks to eliminate the effects of offensive or demeaning stereo-

types, prejudices or biases." *Miller v C A Muer Corp,* 420 Mich 355, 362-363; 362 NW2d 650 (1984).

In our opinion, Act 78 does not control this case, and it must be read together with the Elliott-Larsen act to give proper effect to both statutes.

We do not believe that the Legislature intended that Elliott-Larsen's prohibitions against discriminatory practices could be ignored by any civil service commission having the authority to promulgate rules and set standards for employment qualifications under Act 78. The Elliott-Larsen act specifically provides for bona fide occupational requirements based upon height and other protected characteristics if the employer establishes that the height (or other) requirement "is reasonably necessary for the operation of a business", and an exemption has not been previously applied for. MCL 37.2208; MSA 3.548(208). Act 78 is not to be used as a shield by civil service commissions to promulgate rules which may run contrary to other legislation which is designed to protect potential employees and employees from discriminatory employment practices. The Elliott-Larsen act prohibits discrimination in the hiring, firing, promotion, etc. of individuals. Act 78 concerns the hiring, firing, promotion, etc. of police officers and firefighters.

Civil rights legislation has traditionally been enacted to enable individuals to have access to opportunity based upon individual merit and qualifications and to prohibit decisions based upon irrelevant characteristics. Elliott-Larsen protects those individuals who apply for jobs and are hired under Act 78. The rule that statutes shall be construed *in pari materia* requires that "two or more statutes affecting a person or subject should be read together and each given effect if such can

be done without repugnancy, absurdity or unreasonableness". *Rochester Community Schools Bd of Ed v State Bd of Ed,* 104 Mich App 569, 578-579; 305 NW2d 541 (1981). That can be done in the present case.

If height is indeed a reasonable and necessary job qualification, Elliott-Larsen permits defendant to utilize such requirement if it can demonstrate that height is a bona fide occupational qualification. See MCL 37.2208; MSA 3.548(208). Defendant may either apply to the Civil Rights Commission for an exemption or establish the necessity of the requirement during litigation. MCL 37.2208; MSA 3.548(208). However, here, defendant has only asserted, without explanation, that the height requirement is "reasonable" and has not alleged that height is a bona fide occupational qualification. In defendant's answers to interrogatories, Donald Soldenski (whose relationship to the defendant is unspecified) asserted that a height requirement is based upon "safety concerns for the fireman and the general public" and that "efficient teamwork is required in organized fire suppression and disparities in height under conditions of emergency reduce the efficiency and effectiveness of a firefighter team". These conclusions, however, are not based upon any study or research but upon the conclusions drawn by Mr. Soldenski "after twenty-eight (28) years of observation and experience in the field of fire suppression". While Mr. Soldenski states disparities in height cause inefficiencies, defendant has no maximum height requirement.

Defendant has never specifically alleged that its height requirement was imposed for strength considerations. Strength is vigorously tested by defendant through its agility test. We note that discrimination in employment based upon strength is not barred by Elliott-Larsen; therefore, defendant

would have no burden to prove that strength is a bona fide occupational qualification.

Finally, we note that the United States Supreme Court in *Dothard v Rawlinson,* 433 US 321; 97 S Ct 2720; 53 L Ed 2d 786 (1977), affirmed a district court's finding that Title 7 prohibited Alabama from requiring that applicants for prison guard positions stand 5 feet 2 inches tall and weigh 120 pounds. The Supreme Court also affirmed the district court's finding that the defendant had failed to present any evidence to demonstrate that such requirements were bona fide occupational qualifications. In *Dothard,* the height and weight requirements were disallowed because of their disparate impact upon a protected class, *i.e.,* females. In Michigan, height itself is the protected characteristic.

We conclude that Act 78 is not exclusive and, therefore, the explicit language of the Elliott-Larsen act requires that defendant not discriminate on the basis of height unless such is established to be a bona fide occupational qualification. Therefore, we hold that the trial court erred in granting defendant summary judgment under GCR 1963, 117.2(1) on the ground that the provisions of Act 78 controlled and that the Elliott-Larsen act did not apply to the situation at bar.

We do point out that, once promulgated, the rules made by an agency to govern its activity cannot be violated or waived by the agency that issued the rules. See *De Beaussaert v Shelby Twp,* 122 Mich App 128, 129; 333 NW2d 22 (1982). The civil service commission could not have waived the 5 feet 8 inch minimum height requirement to allow the plaintiff to complete the application process. The rules would have had to have been changed.

The circuit court was faced with a difficult task.

If the court had decided that the Elliott-Larsen act applied here, the next step would have been to hold a hearing to determine whether the 5 feet 8 inch height requirement was indeed a bona fide occupational qualification under the Elliott-Larsen act. Under GCR 117.2(1), the hearing would have been improper. On appeal, we have no record evidence to determine whether the 5 feet 8 inch requirement is "reasonably necessary to the normal operation of the business". MCL 37.2208; MSA 3.548(208). Therefore, we find it necessary to remand to the trial court for such a hearing.

We also point out that plaintiff did not seek reversal of the commission's decision. Plaintiff had challenged the height requirement imposed by the commission as a violation of the proscriptions of the Elliott-Larsen act; thus, plaintiff had direct access to the circuit court to challenge the alleged discriminatory requirement. MCL 37.2801; MSA 3.548(801).

Our examination of plaintiff's allegations in Count II of his complaint for intentional infliction of emotional distress and the pertinent law in the area leads us to conclude that the alleged conduct pled by plaintiff, the imposition of a 5 feet 8 inch minimum requirement, was not so outrageous in character and so extreme in decree as to go beyond all bounds of decency. Therefore, plaintiff had failed to state a claim under GCR 117.2(1) and we affirm dismissal of Count II of plaintiff's complaint.

We direct that, on remand, the trial court, in its review of the reasons proffered by defendant for the 5 feet 8 inch restriction, should consider those reasons in light of all applicants with heights below the 5 feet 8 inch requirement, rather than with just this particular plaintiff (and his other qualifications) in mind.

Reversed as to Count I and remanded for proceedings not inconsistent with this opinion. Affirmed as to Count II.

We do not retain jurisdiction.