DETROIT BASE COALITION FOR THE HUMAN RIGHTS OF THE
HANDICAPPED v DEPARTMENT OF SOCIAL SERVICES

Docket No. 87153. Submitted April 16, 1986, at Lansing. Decided
    January 29, 1987. Leave to appeal applied for.

    Detroit Base Coalition for the Human Rights of the Handicapped
        and others brought an action in the Ingham Circuit Court
        against the Department of Social Services to prevent DSS from
        conducting its welfare hearings by telephone, alleging that the
        procedure violated the Administrative Procedures Act and the
        department's rules. The court, Thomas L. Brown, J., granted
        summary disposition for defendant. Plaintiffs appealed.

        The Court of Appeals *held:*

        The policy of the Department of Social Services of conducting
        administrative hearings by telephone conference calls for per-
        sons whose benefits have been denied, reduced or terminated
        does not violate the Administrative Procedures Act or the
        department's rules.

        Affirmed.

        J. P. SWALLOW, J., concurred with the disposition but be-
        lieved that the court lacked subject matter jurisdiction over
        plaintiff's claim for declaratory relief and that plaintiffs failed
        to state a claim for injunctive relief, mandamus or superintend-
        ing control upon which relief could be granted.

SOCIAL SERVICES — HEARINGS — ADMINISTRATIVE CODE — ADMINIS-
    TRATIVE PROCEDURES ACT.

    The policy of the Department of Social Services of conducting
        administrative hearings by telephone conference calls for per-
        sons whose benefits have been denied, reduced or terminated
        does not violate the Administrative Procedures Act or the
        department's rules (MCL 24.207; MSA 3.560[107]; 1979 AC, R
        400.907).

REFERENCES

Am Jur 2d, Administrative Law §§ 201, 202, 204, 205, 400, 406, 413,
    416.

Am Jur 2d, Welfare Law § 107.

Sufficiency of notice or hearing prior to termination of welfare
    benefits. 47 ALR3d 277.

*M. Ann Miller,* for Lansing Welfare Rights Organization.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Erica Weiss Marsden,* Assistant Attorney General, for defendants.

Before: Allen, P.J., and MacKenzie and J. P. Swallow,* JJ.

Per Curiam. Plaintiffs appeal as of right from an order dismissing their complaint for failure to state a cause of action upon which relief could be granted, pursuant to MCR 2.116(C)(8). We affirm.

The facts are undisputed. Plaintiffs are recipients of public assistance benefits administered by the Department of Social Services and organizations which represent assistance beneficiaries (clients). Pursuant to statute, administrative hearings are provided to clients whose benefits have been denied, reduced, or terminated. Prior to 1980, such hearings were conducted before a hearing officer at the dss office of a client's county of residence. In 1980, dss implemented a voluntary telephone conference hearing system whereby the hearing officer remained in the department's Lansing or Detroit office while the client, local dss caseworkers, and any witnesses were present at the local dss office.

In August 1984, the department issued a Program Policy Bulletin stating that effective October 1, 1984, telephone conference hearings would be routinely conducted. The bulletin further stated that "[t]he client, the client's representatives, witnesses and local office representatives will continue to assemble for the hearing at the local office," but provided two exceptions under which

* Circuit judge, sitting on the Court of Appeals by assignment.

the hearing officer would travel to another site: (1) where the client has a disability making travel impossible or impractical; and (2) where the client wishes to travel to one of four locations across the state in order to be present in the same room with the hearing officer. Clients would be reimbursed transportation costs exceeding $3.

On September 18, 1984, before the bulletin's telephone conference policy became effective, three of the instant plaintiffs, along with others, filed an, original mandamus action in this Court and obtained a stay prohibiting implementation of the policy. The stay was lifted upon this Court's decision in *Goode v Dep't of Social Services,* 143 Mich App 756; 373 NW2d 210 (1985), lv den 424 Mich 882 (1986), holding that the policy did not violate the Open Meetings Act, MCL 115.261 *et seq.,* MSA 4.1800(11) *et seq.*

On September 26, 1984, approximately one week after the *Goode* case was filed in this Court, the instant case was commenced in the Ingham Circuit Court. In this action, plaintiffs contended that the department's decision to use telephone conference calls for hearings violates the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* and the department's current rules. Plaintiffs were granted an ex parte temporary restraining order the same day. Dss subsequently filed a motion for summary judgment pursuant to GCR 1963, 117.2(1) [MCR 2.116(C)(8)] and plaintiffs filed their own motion for summary judgment pursuant to GCR 1963, 117.2(3) [MCR 2.116(C)(10)].

Oral arguments on the instant parties' motions were heard by the circuit court on July 30, 1985. Plaintiff's specifically declined to assert that DSS's policy violated any clients' due process or other constitutional rights. The court ruled that, so long as telephone hearings were constitutionally fair,

they violated no requirement of law. The court determined that the policy change did not constitute a change in or violation of DSS rules and also concluded that DSS did not need to promulgate a rule under the APA to implement its policy. Accordingly, the court granted summary disposition on behalf of DSS and dissolved the temporary restraining order. Plaintiffs' subsequent motion in the lower court for stay pending their appeal to this Court was denied. This Court thereafter denied a similar motion.

On appeal, plaintiffs first argue that the department's policy bulletin constitutes a fundamental alteration of existing hearing procedures and should have been promulgated as a rule in accordance with the APA. We disagree.

MCL 400.9(1); MSA 16.409(1) requires the director of the department to promulgate rules for the conduct of hearings regarding assistance programs. Pursuant to this mandate, and in accordance with the APA, 1979 AC, R 400.907 was promulgated. This rule provides:

A hearing shall be conducted at a reasonable time, date, and place which normally shall be in the county where a claimant resides. Licensing cases may be heard in Lansing or in a county where the petitioner maintains a place of business.

The APA defines "rule" and pertinent exclusions in MCL 24.207; MSA 3.560(107):

"Rule" means an agency regulation, statement, standard, policy, ruling or instruction of general applicability, which implements or applies law enforced or administered by the agency, or which prescribes the organization, procedure or practice of the agency, including the amendment, suspension or rescission thereof, but does not include the following:

\* \* \*

(h) A form with instructions, an interpretive statement, a guideline, an informational pamphlet or other material which in itself does not have the force and effect of law but is merely explanatory.

We agree with the trial court that the policy bulletin at issue here may fairly be considered an application of 1979 AC, R 400.907 that hearings take place in a reasonable time and manner and thus constitutes a functional interpretation of that rule rather than a "new" rule which must itself be promulgated. So long as a directive is consistent with and within the scope of a properly promulgated rule, the directive itself may not require promulgation under the APA. *Thompson v Dep't of Corrections,* 143 Mich App 29, 32-33; 371 NW2d 472 (1985). We find no inconsistency between the telephone conference policy and Rule 400.907. The rule mandates that hearings be held at a reasonable time and place. The bulletin merely provides an explanation of where and in what manner the hearing will be held.

Plaintiffs contend that the telephone conference policy conflicts with Rule 400.907's provision that hearings "shall be conducted at a reasonable . . . place which normally shall be in the county where the claimant resides." We disagree.

In *Goode v Dep't of Social Services, supra,* this Court held that DSS's telephone conference hearings do not violate the Open Meetings Act. In so holding, the *Goode* Court stated:

The dispositive question is whether the performance of necessary governmental functions is open to the public. *Rochester Community Schools Bd of Ed v State Bd of Ed,* 104 Mich App 569, 578; 305 NW2d 541 (1981). We find no problem with the holding of hearings via teleconference calls. Such

calls are heard through speaker phones and are audible to all in the room. *Persons who wish to attend the hearing are allowed to do so and may attend at either location.* The conference call setup actually increases the accessibility of the public to attend, as now more than one location is open to the public. [143 Mich App 759-760. Emphasis added.]

Although we recognize that the *Goode* Court was not specifically considering the issue of the location of the hearing as affected by the use of telephone conference calls, we agree with the above-emphasized language indicating that telephone hearings are located *both* where the hearing officer is located and where the remaining participants are located. We find such a construction to be reasonable in view of technological advances made in the last several decades. Further, we believe that such a conclusion comports with the apparent intent of Rule 400.907. The rule's requirement that hearings normally take place in the client's county of residence appears to be an effort to place the hearing at the location most convenient for the client, the witnesses, and local DSS administration. The use of telephone hearings to allow communication with the hearing officer without the time and expense necessary to physically bring a hearing officer to the local county office does not alter the location of the remaining participants. The telephone hearing continues to serve the purpose of Rule 400.907. In this regard, we find plaintiffs' reliance upon *Sleeth v Illinois Dep't of Public Aid,* 125 Ill App 3d 847; 81 Ill Dec 117; 466 NE2d 703 (1984), unpersuasive since Illinois law specifically requires hearings to be held "in person" before the department.

Plaintiffs also claim that the department's tele-

phone hearing policy violates subsections (a), (c), and (f) of 1979 AC, R 400.912, which provide:

> A party or his representative shall have opportunity:
>
> (a) To examine the contents of his case file and all documents and records to be used by the agency at the hearing at a reasonable time before the date of the hearing as well as during the hearing.
>
> *    *    *
>
> (c) To bring witnesses.
>
> *    *    *
>
> (f) To question or refute any testimony or evidence, including opportunity to confront and cross-examine adverse witnesses.

Plaintiffs first assert that Rule 400.912(a) is violated because, if the client chooses to go to where the hearing officer is located, he cannot examine the local DSS office case file "during the hearing." This argument is based upon speculation. Nothing in the DSS policy materials indicates that the client would be denied the opportunity to examine his or her case file at the local county office, nor is there any indication that DSS would refuse to provide a duplicate file so that the file contents could be examined regardless of where the client chooses to present his case. Indeed, we note that MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.* entitles recipients to inspect and receive copies of their case files. Accordingly, we refuse to hold the telephone conference policy invalid on the basis of the hypothetical possibilities presented by plaintiffs.

Plaintiffs next assert that Rule 400.912(c) is violated because DSS's policy does not provide for payment of costs of transportation of witnesses

from the local county to one of four hearing officer sites. Apparently, plaintiffs' argument is that the possibly extra transportation costs would impede a client's ability to "bring witnesses" personally before a hearing officer if he or she chooses to do so.

Dss's policy does not directly prevent a client from bringing witnesses, contrary to Rule 400.912(c). To the extent that the right may be economically impeded, the infringement perhaps would be more properly challenged under Rule 400.907's "reasonable time, date and place" requirement or under a constitutional due process claim. However, plaintiffs have specifically declined to assert their argument under the latter theory.

Essentially, this argument is also based upon speculation as to possible factual circumstances, which, it appears from plaintiff's brief, have not yet occurred. Particularly since DSS's policy provides for exceptions to its telephone-hearing policy which may alleviate plaintiff's concerns we decline to rule that the telephone hearing policy violates Rule 400.912(c).

Finally, plaintiffs assert that Rule 400.912(f) is violated. It is unclear on what basis plaintiffs believe telephone hearings deny the opportunity to confront witnesses. Assuming that the argument is that the client or his representative, or the hearing officer is unable to view witnesses and observe nonverbal reactions, the argument has already been rejected in the context of due process guarantees. See, *State ex rel Human Services Dep't v Gomez,* 99 NM 261, 268; 657 P2d 117 (1982), and *Casey v O'Bannon,* 536 F Supp 350, 353 (Ed Pa, 1982). As in *Gomez* and *Casey,* there is no reason to conclude here that a client cannot "confront" witnesses in any manner other than face-to-face. Dss's policy does not violate Rule 400.912(f).

Affirmed.

J. P. SWALLOW, J. *(concurring)*. I concur with the majority's result but for different reasons.

At the time plaintiffs brought their action, defendants had not implemented Program Policy Bulletin 84-16, and no plaintiff had taken part in a telephone conference hearing described in this bulletin.

An actual controversy must exist before a trial court may exercise its discretion to grant or deny declaratory relief. MCR 2.605. An actual controversy does not exist unless the plaintiff can plead and prove facts which entitle the plaintiff to the judgment that he seeks. *Shavers v Attorney General,* 402 Mich 554, 589; 267 NW2d 72 (1978), cert den sub nom *Allstate Ins Co v Attorney General,* 442 US 934; 99 S Ct 2869; 61 L Ed 2d 303 (1979). A trial court is without subject matter jurisdiction to enter a declaratory judgment based upon a hypothetical. *Id.,* p 588; *Health Central v Ins Comm'r,* 152 Mich App 336, 347; 393 NW2d 625 (1986).

Plaintiffs' claims that the bulletin violates the Administrative Procedures Act, MCL 24.201 *et seq.;* MSA 3.560(101) *et seq.,* and the Department of Social Services current rules are based upon hypotheticals requiring speculation. Judgment upon plaintiffs' claims could not be rendered until specific factual incidents arose from an implemented policy. Plaintiffs' hypotheticals do not show that the APA and the DSS's rules will be violated by a threatened implementation of the defendants' bulletin. Absent an actual controversy, the trial court lacked subject matter jurisdiction over plaintiffs' declaratory relief action. In my view, it was the trial court's duty to sua sponte take notice of its lack of subject matter jurisdiction and dismiss plaintiffs' count seeking declaratory

relief pursuant to MCR 2.116(C)(4). *Fox v Bd of Regents of the University of Michigan,* 375 Mich 238; 134 NW2d 146 (1965).

Likewise, since there was no specific factual scenario to review, plaintiffs failed to state a claim for injunctive relief or mandamus upon which relief could be granted. It is well settled that an action for injunctive relief cannot be based upon speculative threatened injury or mere apprehension of future injury. *Fenestra, Inc v Gulf American Land Corp,* 377 Mich 565, 602; 141 NW2d 36 (1966). Nor can an action for mandamus be maintained when based upon disputed and doubtful facts. *Lepofsky v Lincoln Park,* 48 Mich App 347; 210 NW2d 517 (1973).

Finally, plaintiffs failed to state a claim for superintending control, because there was no quasi-judicial or judicial proceeding for the circuit court to review. *Kelly Downs, Inc v Racing Comm,* 60 Mich App 539; 231 NW2d 443 (1975).

Plaintiffs' complaint should have been dismissed for the reasons that the circuit court lacked subject matter jurisdiction over plaintiffs' count for declaratory relief and plaintiffs failed to state a claim for injunctive relief, mandamus, or superintending control upon which relief could be granted. I affirm the trial court's decision to dismiss plaintiffs' complaint even though it was reached for the wrong reason. *Dierickx v Cottage Hospital Corp,* 152 Mich App 162; 393 NW2d 564 (1986).